**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Christopher Mansoori,                     )
                                          )          No.  22-cv-1635
                     Plaintiff,           )
                                          )          Judge Andrea R. Wood
          v.                              )
                                          )          Magistrate Jeffery T. Gilbert
Sergeant Williams, et al.,                )
                                          )
                     Defendants.          )

**DEFENDANT SERGEANT WILLIAMS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Sergeant Aaron Williams ("Defendant"), by his attorney, Kimberly M. Foxx, State's

Attorney of Cook County, through her Assistant State's Attorneys Jorie R. Johnson and Joel

Zeid, pursuant to Fed. R. Civ. P 12(b)(6), moves to dismiss Plaintiff's Complaint. In support

Defendant states as follows:

**BACKGROUND**

The following allegations are presumed true for the purposes of this motion to dismiss.

Plaintiff alleges that, while housed at Cook County Jail, various jail staff members, including

Defendant Sergeant Williams, and assistant state's attorneys, infringed on Plaintiff's First

Amendment rights. He claims delays in receiving mail, lack of privacy in his legal mail, and

retaliation because of his numerous legal filings.

On several occasions beginning in March 2020, Plaintiff believes his outgoing mail from

Cook County Jail was "withheld" for two to six months at a time. (Dkt. 6 at pg. 14, 15.)  He

attributes the delay to mailroom staff, whom he believes were intentionally "withholding" his mail.

(Id.)

On May 20, 2021, Plaintiff  received mail from the Illinois Court of Claims. (Id. at pg. 16)

1

This mail was opened outside of his presence by the mailroom. (Id.) Five days later, on May 24th or 25th, 2020, Sgt Williams marked in the legal mail logbook that Plaintiff was not present on the tier, resulting in confidential mail from Plaintiff's Attorney being returned to sender. (Id.) Though returned to his lawyer, Plaintiff states that the mail was from his lawsuit entitled *Mansoori v. City of Chicago*, filed February 15, 2020. (Id.) Based on Sergeant Williams' log entry made several days later, Plaintiff assumed that his mail was read by Sergeant Williams, which caused Sergeant Williams to act in some further unspecified way on what he learned reading the mail. (Id.)

A few days after that, Sergeant Williams transferred Plaintiff's cellmate to another tier and moved another inmate into Plaintiff's cell. (Id. at pg. 17.) During the transfer, Sergeant Williams and four other officers aggressively hauled the inmate into Plaintiff's cell and forcefully placed the inmate on the ground. (Id.) Sergeant Williams then looked at Plaintiff and stated, "You're going to get that lawsuit you're looking for." (Id.) Another officer proceeded to punch the other inmate, not Plaintiff, as hard as he could in his face. (Id.)

Plaintiff brought this suit against pseudonyms Jane/John Doe Mailroom Staff, Jane/John Doe Assistant States Attorneys, Jane/John Doe Internal Investigations Officer, and real persons Sergeant Amador, Superintendent McCray, Director O' Brien, and Sergeant Williams, under the First and Fourteenth Amendments. (Dkt. 6) Although the Court reviewed Plaintiff's allegations and dismissed many claims and Defendants, Sergeant Williams remains a Defendant for Plaintiff's First Amendment retaliation claim. (Dkt. 7, at pg. 4). Defendant now moves the Court to dismiss Plaintiff's claim against him.

## STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

for relief is plausible if the well-pleaded facts allow the Court to infer more than the mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the Court treats as true all facts alleged in the complaint and draws all reasonable inferences from them in the plaintiff's favor, the Court need not accept those legal conclusions couched as factual allegations. Id.

## ARGUMENT

### I. First Amendment Retaliation

To state a claim for First Amendment retaliation, Plaintiff must plausibly allege that: 1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and; (3) his protected activity was a motivating factor in the defendants' decision to retaliate. *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

Plaintiff claims that Defendant Williams violated his First Amendment rights by delaying legal mail, opening legal mail, and then ordering Plaintiff's new cellmate to be beaten. (Dkt 6.) Each of those three allegations, fails to qualify as a deprivation, let alone a deprivation likely to deter future protected activity.

Even if true, the alleged beating would give rise to a lawsuit personal to that other detainee, not this Plaintiff. Rights personal to their holders may not be enforced by third parties. *Fields v. Wharrie*, 740 F.3d 1107, 1109 (7th Cir. 2014). Further, Plaintiff does not allege that he was engaged in a protected activity with respect to that event, or that he was deprived of any activity following that alleged beating by Defendant. Plaintiff fails to plead facts connecting a deprivation of his First Amendment rights to someone else's constitutional claim. He merely speculates a connection, but speculation does not rise to the level required under *Twombly*. As to the beating, Plaintiff suffered no deprivation.

Similarly, Plaintiff's allegation that his legal mail was opened prior to him receiving it is both silly and speculative. To begin, Plaintiff does not have an expectation of privacy while housed inside a corrections institution. See *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Prisoners are entitled "to no reasonable expectation of privacy in their prison cells insuring them of Fourth Amendment Protection against unreasonable searches and seizures." *Henry v. Hulett*, 969 F.3d 769,782 (7th Cir. 2020) (quoting *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994).) Plaintiff cannot claim a right to private mail when he has no right to privacy as to his person or in his jail cell.

In a jail or prison, all mail is opened before delivery for security reasons. The Court of Appeals for the Seventh Circuit has held that prison officials are not prohibited by the Constitution from inspecting or even reading most mail that prisoners receive. e.g., *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir.1986); *Smith v. Shimp*, 562 F.2d 423 (7th Cir. 1977). The justification for the rule is the interest that trumps all others in the prison context: security. In *Gaines* and *Smith*, the Court held that the officials' need to check for contraband, escape plans, criminal schemes and other security threats outweighs any interest the prisoner has in keeping his general correspondence private. See also *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988) (pretrial detainees have no First Amendment right to be present when officials open general correspondence to detainee*). Kaufman v. Karlen*, No. 06-C-205-C, 2007 U.S. Dist. LEXIS 45568, at *53-54 (W.D. Wis. June 21, 2007). In a jail setting, detainees or their compatriots often attempt to smuggle contraband of one sort or another through use of the mail, so all mail is opened. This includes mail which is marked "legal mail." Mail marked "legal mail" is merely opened in the presence of the recipient. Plaintiff, however, makes no allegation that the mail allegedly opened was even marked with phrases such as "legal mail,"

"confidential," "privileged," or "special mail" such that mailroom staff would be alerted to its

status prior to opening. See *Harrison v. County of Cook*, Ill., 364 Fed. Appx. 250, 253 (7th Cir.

2010) (mail from an attorney that was not clearly marked as legal did not give rise to a claim

that legal mail was opened outside a prisoner's presence). "[F]or a letter to be treated as **special**

**mail**, the sender must put his name on the envelope and mark it with the legend quoted above."

*Id*. (emphasis added) (citing 28 C.F.R. § 540.2(c) (the sender of legal mail is supposed to mark

on the envelope: "Special Mail-Open only in the presence of the inmate"); see also §

540.18(a)). Without some marking indicating the letter is legal or special mail, "staff may treat

the mail as general correspondence." 28 C.F.R. § 540.18(b).

Thus, while legal mail may be entitled to some special status, "In the case of letters from

attorneys, the inmate is responsible for advising his attorney to put the attorney's name and the

legend on the envelope if the attorney wants the letter to be treated as special mail." *Martin v.

Brewer*, 830 F.2d 76, 77 (7th Cir. 1987) (citing § 540.19(b)). Plaintiff has not pled that the mail

in question was marked in any special way. Further, even if the mail was marked as legal mail,

such a status does not mean that the mail is immune from inspection. Rather, courts have held

that jail officials may still inspect incoming or outgoing legal mail (even mail from courts) for

contraband. *Rowe*, 196 F.3d at 782; *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996).

Thus, when it comes to Plaintiff's "legal mail," Plaintiff pleads no more than that mail

was opened, inspected, and returned to Plaintiff's attorney because Plaintiff was not present to

receive it at that time. Regardless of whether the mail was marked "legal" or not, those alleged

actions do not violate the Constitution. Therefore, Plaintiff does not allege facts that would

show he was deprived of any right, and cannot establish the second element required to sustain

a retaliation claim.

5

As to the alleged "delay" Plaintiff faced in sending mail, as an initial matter it is worth noting that Plaintiff claims the mailroom staff was responsible for those delays, and not Defendant Williams. Just as Plaintiff cannot bring a claim based on another detainee being assaulted, Plaintiff cannot sue Defendant Williams for someone else's alleged wrongdoing. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Further, even if there was a mail delay that Defendant Williams was responsible for, in *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) the Seventh Circuit held that "relatively short-term and sporadic" delays in receiving more than eighteen pieces of mail did not violate First Amendment); See *Zimmerman v. Tribble*, 226 F.3d 568, 572-73 (7th Cir. 2000) (concluding that an alleged delay in delivering mail on one occasion failed to state First Amendment claim); *Ahlers v. Rabinowitz*, 684 F.3d 53, 64-65 (2d Cir. 2012) (concluding that eleven instances of delayed or withheld mail over four months did not state First Amendment claim); *DeLeon v. Doe*, 361 F.3d 93, 94 (2d Cir. 2004) (concluding that prison staff's loss of letter containing birthday card did not state a First Amendment claim); *Schroeder v. Drankiewicz*, 519 F. App'x 947, 950 (7th Cir. 2013) (concluding that a delay of less than two months in sending a single piece of mail was not an injury of constitutional dimension.) Plaintiff's claim is built on mere delay. Consequently, and once again, under controlling

6

Seventh Circuit precedent, Plaintiff has failed to allege facts that would show he suffered a deprivation, even if true.

Further, each of Plaintiff's three so-called deprivations is based on so much speculation that they cannot surpass *Twombly*. Plaintiff speculates that his new cellmate was assaulted to send Plaintiff a message rather than due to disruptive or aggressive conduct by that new cellmate. Plaintiff speculates that Defendant Williams read his mail rather than merely inspected it for contraband, despite the fact that Plaintiff alleges the mail was opened outside of Plaintiff's presence and Plaintiff offers no allegation concerning any content of the mail actually being read. Plaintiff speculates that his outgoing mail was delayed to punish him for filing so many frivolous lawsuits, but lost or delayed mail, especially in Chicago and in recent years, is such a common occurrence that the Court can take judicial notice of the fact. But Plaintiff speculates his mail was withheld in the mailroom by nefarious jail staff rather than at the U.S. Post Office due to some bureaucratic snafu based no more than his own hunch. While allegations must be presumed true, speculation cannot survive a motion to dismiss.

Finally, Plaintiff has not suffered a deprivation likely to deter future protected activity. As stated in his Complaint (not to mention that this very complaint was filed by mail), Plaintiff continued to send and receive mail, as well as file many other lawsuits by mail. (*See* Dkt. 6.) Any so-called deprivation Plaintiff did receive evidently did not deter future protected activity. Indeed, in addition to the fact that the alleged deprivations did not deter future protective activity, the alleged deprivations were not likely to do so in the first place. Plaintiff does not allege that his cellmate being assaulted, his mail being opened and returned to sender, or some outgoing mail being delayed, was likely to make him stop filing lawsuits.

Thus, Plaintiff has failed to plead that he suffered a deprivation, that he suffered a

deprivation likely to deter future protected activity, and that any deprivation was due to his prior protected activity. Plaintiff has failed to set forth a retaliation claim against Sergeant Williams.

## CONCLUSION

Plaintiff's First Amendment claims fails because the allegations do not show that he was engaged in protected activity; that he suffered a deprivation likely to deter future protected activity; and his protected activity was a motivating factor in the defendants' decision to retaliate. Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order:

    (1) Dismissing Plaintiff's Complaint, and

    (2) Any other relief this Court deems necessary and just.

                Respectfully submitted,

                KIMBERLY M. FOXX
                State's Attorney of Cook County

By:    */s/ Jorie R. Johnson*
        Jorie R. Johnson
        Joel Zeid
        Assistant State's Attorney
        500 Richard J. Daley
        Center Chicago, Illinois
        60602
        (312) 603-7930

**<u>CERTIFICATE OF SERVICE</u>**

I, Jorie R. Johnson hereby certify that on October 17, 2022 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served upon all Non-EFC users via U.S. Mail:

Christopher Mansoori
20191007189
Cook County Jail
2700 S. California Ave.
Chicago, IL 60608

*/s Jorie R. Johnson*
Jorie R. Johnson

9