**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22 CV 1635 |
| | ) | |
| | ) | Judge Andrea R. Wood |
| SERGEANT WILLIAMS | ) | |
| Defendant. | ) | Magistrate Gilbert |

**JOINT STATUS REPORT**

The Plaintiff, Christopher Mansoori ("Plaintiff"), both Pro Se and through his attorney, George C. Pontikes and Defendants, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through their respective Assistant State's Attorney's, Jorie R. Johnson, Joel Zeid, and Miguel Larios and in compliance with the Court's order submit the following Joint Status Report regarding a Discovery Schedule:

**Executive Summary**

Defendants believe Plaintiff's pending cases can be grouped together in four categories, discussed more fully below, for the purpose of Discovery:

A) Three cases that should not proceed with discovery because there are no named or served Defendants.

B) Three cases that should have a brief stay of discovery because there are pending motions to dismiss.

C) Seven cases that should proceed only with exhaustion-based discovery because Defendants have raised the affirmative defense that Plaintiff failed to exhaust administrative remedies prior to filing suit.

D) Four cases that may proceed to merits-based discovery.

## A.  Cases Currently Without Named Defendants or Awaiting Service on Defendants.

The Parties have identified the following three cases below, where currently Plaintiff has either not yet named any Defendant, served any Defendant, or done both of these required actions.

As such, the Parties respectfully request that discovery for these matters be stayed until Defendants are named and served in these proceedings, and have had the opportunity to respond to the operative Compliant.[1]

| Case name | Case Number | Defendants | Status of Service |
|---|---|---|---|
| Christopher Mansoori v.  C.O. Smith | 2021- CV- 6242 | Nominal Defendant Sheriff Dart | No Service on Defendants as there are no named Defendants |
| Christopher Mansoori v.  Sheriff Dart, et al. | 2022-CV-1638 | Nominal Defendant Sheriff Dart | No Service on Defendants as there are no named Defendants |
| Christopher Mansoori v. Lt. Delitz | 2022 -CV- 1641 | Lieutenant Delitz Lieutenant Gothright Sergeant Williams | No Service on Defendants as 1915A Review has not been Completed yet by the Court |

### 2021-CV-6242
### Christopher Mansoori v. C.O. Smith

This is an excessive force case where Plaintiff alleges that unknown officers used excessive force against him on November 15, 2019.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|---|
| Yes September 9, 2022 | Yes (See #1 Below) | Stay on Discovery | Stay on Discovery | Premature at this time | Premature at this time |

1.  Plaintiff issued Interrogatories to identify unknown officers on November 22, 2022. Nominal Defendant Sheriff Dart responded to Plaintiff's written discovery on December 22, 2022. Plaintiff filed a Motion to Compel against Nominal Defendant Dart on December 5, 2022. The Parties had a Local Rule 37.2 conference on January 19, 2023. Defendants after discussion with Plaintiff on this date agreed to supplement written discovery for this case and tender to Plaintiff by February 2, 2023. No other written discovery has been issued or exchanged by either party in connection with this case.

---

[1] The Parties provide a fully detailed status and summary of discovery in every case after the short case overview in the chart for every section.

2. The Parties would recommend at this time since there are no named or served Defendants in this matter at this time to stay setting a discovery schedule until Defendants are named and served in this case. The Parties will then jointly submit a schedule to the Court once any Defendant is served and has been given the opportunity to answer or otherwise plead in the matter.

3. The Parties agree that if and when discovery proceeds in this matter to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be proceed first with discovery for a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Parties at this time agree that it is premature to identify potential witnesses, as no named Defendants have been named in this matter.

### 2022-CV-1638
### Christopher Mansoori v. Sheriff Dart

This is a delay medical care case where Plaintiff alleges, he was exposed to Covid-19 and left without medical treatment.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|---|
| Yes September 9, 2022 | Yes (See #1 Below) | Stay on Discovery | Stay on Discovery | Premature at this time | Premature at this time |

1. Plaintiff issued Interrogatories to identify unknown officers on November 22, 2022. Nominal Defendant Sheriff Dart responded to Plaintiff's written discovery on December 22, 2022. Plaintiff filed a Motion to Compel against Nominal Defendant Dart on December 5, 2022. The Parties had a Local Rule 37.2 conference on January 19, 2023. Defendants after discussion with Plaintiff on this date agreed to supplement written discovery for this case and tender to Plaintiff by February 2, 2023. No other written discovery has been issued or exchanged by either party in connection with this case.

2. The Parties would recommend at this time since there are no named or served Defendants in this matter at this time to stay setting a discovery schedule until Defendants are named and served in this case. The Parties will then jointly submit a schedule to the Court once any Defendant is served and has been given the opportunity to answer or otherwise plead in the matter.

3. The Parties agree that if and when discovery proceeds in this matter to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his

other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be proceed first with discovery for a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Parties at this time agree that it is premature to identify potential witnesses, as no named Defendants have been named in this matter.

## <u>2022-CV-1641</u>
## <u>Christopher Mansoori v. Lieutenant Delitz</u>

This is a conditions of confinement case where Plaintiff alleges that no laundry was done for 12 weeks during a period of his incarceration between the dates of February 21, 2021 and February 9, 2022.

| **Have Initial (26)(a)(1) Disclosures Been Issued** | **Status of Written Discovery** | **Date to Issue Written Discovery** | **Date for Close of Fact Discovery** | **Potential Plaintiff Witnesses** | **Potential Defendant Witnesses** |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | Stay on Discovery | Stay on Discovery | Premature at this time | Premature at this time |

1. The Parties would recommend at this time since there are no named or served Defendants in this matter at this time to stay setting a discovery schedule until Defendants are named and served in this case. The Parties will then jointly submit a schedule to the Court once any Defendant is served and has been given the opportunity to answer or otherwise plead in the matter.

2. The Parties agree that if and when discovery proceeds in this matter to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be proceed first with discovery for a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

3. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

4. The Parties at this time agree that it is premature to identify potential witnesses, as no named Defendants have been named in this matter.

**B. Cases Currently Pending Before the Court, Awaiting Ruling On Fully Briefed Motions to Dismiss.**

The Parties have identified the following three cases below, where currently there are fully briefed pending Motions to Dismiss awaiting ruling before the Court.

As such, the Parties respectfully request that discovery for these matters be pursuant to the recommendations that the Parties have outlined below.

| Case name | Case Number | Status of Motion to Dismiss |
|---|---|---|
| Christopher Mansoori v. Sergeant Aaron Williams | 2021- CV- 1635 | Defendant filed his Motion to Dismiss on October 17, 2022. The Court has not yet set briefing on this pending Motion to Dismiss. |
| Christopher Mansoori v. Christopher Stadnicki, PA- C | 2022-CV-2471 | Motion to Dismiss Fully Briefed as of January 18, 2023 |
| Christopher Mansoori v. Ms. Pickens and Ms. Vanco | 2022 -CV- 3485 | Motion to Dismiss Fully Briefed as of January 18, 2023 |

**2022-CV-1635**
**Christopher Mansoori v. Sergeant Aaron Williams**

This is a retaliation case where Plaintiff alleges frequent tampering with legal mail and intimidation by Sergeant Aaron Williams in retaliation for reporting the tampering previously to upper authorities.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | April 5, 2023 | December 7, 2023 | Sgt. Dabrowski Plaintiff Defendant | Plaintiff Defendant Ofc. M. Miskell Sgt. Dabrowski Correctional Officers and Sheriff's Staff Members ( to be identified when |

| | | | | | more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |
|---|---|---|---|---|---|
| | | | | | |

1. No written discovery has been issued or exchanged by either party in connection with this case. This case currently has a fully briefed motion to dismiss pending on a ruling from the court based on a Statue of Limitations and improper Service.

2. The Parties would recommend a brief stay on discovery in this case, as the District Judge has indicated that a ruling would be soon regarding this matter. The Parties ask that written discovery for the Parties not be due to be issued until April 5, 2023.  The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's  discovery including  written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be listed in this status report in a separate section, in order to have the Court set a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

3. The Parties at this time that the anticipated close for fact discovery would be December 7, 2023.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

6. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

**<u>2022-CV-2471</u>**
**<u>Christopher Mansoori v. Christopher Stadnicki, PA-C</u>**

This is an unreasonable medical care case where Plaintiff alleges failure to provide a proper diet during his incarceration, causing a broken finger. Plaintiff alleges the time period to have occurred from September 21, 2016  to February 15, 2018.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | April 5, 2023 | December 7, 2023 | Orthopedic Doctor ( name unknown at this time) Plaintiff Defendant. | Plaintiff Defendant Dr. Luke Kopulos, MD Elamma Chollampel, CNP Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

1. No written discovery has been issued or exchanged by either party in connection with this case. This case currently has a fully briefed motion to dismiss pending on a ruling from the court based on a Statue of Limitations and improper Service.

2. The Parties would recommend a brief stay on discovery in this case, as the District Judge has indicated that a ruling would be soon regarding this matter. The Parties ask that written discovery for the Parties not be due to be issued until April 5, 2023. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be listed in this status report in a separate section, in order to have the Court set a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

3. The Parties at this time that the anticipated close for fact discovery would be December 7, 2023.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

6. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

<u>**2022-CV-3835**</u>
<u>**Christopher Mansoori v. Ms. Pickens and Ms. Vanco**</u>

This is an access to court case where Plaintiff alleges, he was denied access to law library, causing damage to an appeal he was proceeding with in court in December of 2017.

| <u>**Have Initial (26)(a)(1) Disclosures Been Issued**</u> | <u>**Status of Written Discovery**</u> | <u>**Date to Issue Written Discovery**</u> | <u>**Date for Close of Fact Discovery**</u> | <u>**Potential Plaintiff Witnesses**</u> | <u>**Potential Defendant Witnesses**</u> |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | April 5, 2023 | December 7, 2023 | Plaintiff, Defendants | Defendants Patterson Dean Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) |

1. No written discovery has been issued or exchanged by either party in connection with this case. This case currently has a fully briefed motion to dismiss pending on a ruling from the court based on a Statue of Limitations and improper Service.

2. The Parties would recommend a brief stay on discovery in this case, as the District Judge has indicated that a ruling would be soon regarding this matter. The Parties ask that written discovery for the Parties not be due to be issued until April 5, 2023. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be listed in this status report in a separate section, in order to have the Court set a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

3. The Parties at this time that the anticipated close for fact discovery would be December 7, 2023.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

6. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

### C.  Cases Regarding Plaintiff's Failure to Exhaust his Administrative Remedies

Defendants have identified the below seven cases where Plaintiff failed to exhaust his administrative remedies.

As such, Defendants ask that discovery for the limited purpose on the issue of exhaustion be pursued first in these cases prior to any discovery taken for any issues on the merits.

| Case name | Case Number | Defendant(s) |
|---|---|---|
| Christopher Mansoori v. Superintendent Brown and Commander Garcia | 2017-CV-8846 | Superintendent Brown Commander Garcia |
| Christopher Mansoori v. Correctional Officer Squires, et al. | 2021-CV-5881 | Correctional Officer Kimberly Squires, Lieutenant James Holmes, Lieutenant Damita Delitz, Correctional Officer William Mintah, and Assistant Executive Director Erica Queen |
| Christopher Mansoori v. Jovante Thomas ("JT") | 2022-CV-1634 | Jovante Thomas ("JT") |
| Christopher Mansoori v. Correctional Officer Larkin | 2022-CV-2469 | Correctional Officer Larkin |
| Christopher Mansoori v. Dr. Montgomery | 2022-CV-2470 | Dr. Montgomery |
| Christopher Mansoori v. Christopher Stadnicki, PA- C[2] | 2022-CV-2471 | Christopher Stadnicki, PA- C |
| Christopher Mansoori v. Correctional Officer Patel | 2022- CV- 3484 | Correctional Officer Patel |

---

[2] This matter has a pending motion to dismiss as well as an issue regarding Plaintiff's failure to exhaust administrative remedies and had been identified in both sections.

## 2017-CV-8846
## Christopher Mansoori v. Superintendent Brown and Commander Garcia

This is a conditions of confinement case where Plaintiff alleges Superintendent Brown only permitted Plaintiff to wash his clothes on two occasions, from July 2, 2017 to November 3, 2017. Plaintiff further alleges Commander Garcia failed to remove black mold August 26, 2017 to February 15, 2018.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery on Limited Issue of Exhaustion | Date for Close of Fact Discovery on Limited Issue of Exhaustion | Potential Plaintiff Witnesses on Limited Issue of Exhaustion | Potential Defendant Witnesses on Limited Issue of Exhaustion |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | To be determined After February 10, 2023 | To be determined After February 10, 2023 | Premature at this time. | Premature at this time. |

1. Defendant Superintendent Brown was recently served and has until February 10, 2023 to file an answer or otherwise plead. Defendant Commander Garcia was served on January 23, 2023 and an appearance was recently filed on his behalf on February 1, 2023. There is also a hearing scheduled in front of District Judge Wood on February 7, 2023 to discuss the status of service on Defendant Garcia and if Defendant will remain in the case. At this posture the parties would propose to the Court that a date to issue discovery on the limited issue of exhaustion be decided after February 10, 2023 jointly.

2. The parties at this time have no anticipated date for the close of discovery on the limited issue of exhaustion and would propose to the Court that a date to close discovery be decided after February 10, 2023 jointly.

3. The Parties recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon. The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Parties believe at this time it is premature to identify witnesses in this matter, as Defendant have not yet plead in response to Plaintiff's Operative Complaint.

**2021-CV-5881**
**Christopher Mansoori v. C.O. Kimberly Squires, et. al.**

This is a conditions of confinement case where Plaintiff alleges lack of access to recreation, sunlight, and fresh air from the time of December 2019 through June 2021 against Defendants Correctional Officer Kimberly Squires, Lieutenant James Holmes, Lieutenant Damita Delitz, Correctional Officer William Mintah, and Assistant Executive Director Erica Queen.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery on Limited Issue of Exhaustion | Date for Close of Fact Discovery on Limited Issue of Exhaustion | Potential Plaintiff Witnesses on Limited Issue of Exhaustion | Potential Defendant on Limited Issue of Exhaustion |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | March 16, 2023 | June 22, 2023 | Plaintiff Defendants Sergeants Danbroski C.O Miklas (spelling might be incorrect) | Plaintiff Defendants Cook County Sheriff's Office Correctional Lieutenants who Reviewed Recreation Grievances. Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

1. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases.

2. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

3. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

4. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

5. The Parties then request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

**2022-CV-1634**
**Christopher Mansoori v. Jovante Thomas ("J.T.")**

This is a conditions of confinement case where Plaintiff alleges, he was subjected to living with mice and roaches during December of 2021.

| **Have Initial (26)(a)(1) Disclosures Been Issued** | **Status of Written Discovery** | **Date to Issue Written Discovery on Limited Issue of Exhaustion** | **Date for Close of Fact Discovery on Limited Issue of Exhaustion** | **Potential Plaintiff Witnesses on Limited Issue of Exhaustion** | **Potential Defendant Witnesses on Limited Issue of Exhaustion** |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | March 16, 2023 | June 22, 2023 | Plaintiff Defendant C.O. Barbossa; C.O. Pena; C.O. Wood; Sergeant Day; C.O. Lofton; C.O. Berry; Sergeant Campos; Inmate Rayqwan Alexander; Inmate Theo Sexton; Inmate Thomas Harris; Inmate Brandon Morris. | Plaintiff Defendant Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

1. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases.

2. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

3. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

4. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

5. The Parties then request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

## <u>2022-CV-2469</u>
## <u>Christopher Mansoori v. C.O. Larkin, et. al.</u>

This is a conditions of confinement case. Plaintiff alleges destruction of belongings in cell, including contact lenses on December 24, 2016.

| **Have Initial (26)(a)(1) Disclosures Been Issued** | **Status of Written Discovery** | **Date to Issue Written Discovery on Limited Issue of Exhaustion** | **Date for Close of Fact Discovery on Limited Issue of Exhaustion** | **Potential Plaintiff Witnesses on Limited Issue of Exhaustion** | **Potential Defendant Witnesses on Limited Issue of Exhaustion** |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | March 16, 2023 | June 22, 2023 | Plaintiff Defendant Unknown inmate witness | Plaintiff Defendant Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

1. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases.

2. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

3.  The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

4.  The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

5.  The Parties then request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

<u>2022-CV-2470</u>
<u>Christopher Mansoori v. Dr. Montgomery, et. al.</u>

This is an unreasonable medical care case where Plaintiff alleges Defendant Dr. Montgomery's failure to provide dental care caused tooth decay and pain while he was incarcerated been the dates of June 30, 2017 until February 15, 2018.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery on Limited Issue of Exhaustion | Date for Close of Fact Discovery on Limited Issue of Exhaustion | Potential Plaintiff Witnesses on Limited Issue of Exhaustion | Potential Defendant Witnesses on Limited Issue of Exhaustion |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | March 16, 2023 | June 22, 2023 | Plaintiff; Defendant; Jamal Braswell; Dr. Contos. | Plaintiff; Defendant; Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

1.  The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

    The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases.

2.  At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

3.  The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

4.  The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

5.  The Parties then request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

## <u>2022-CV-3484</u>
## <u>Christopher Mansoori v. C.O. Patel</u>

This is a conditions of confinement case, where Plaintiff alleges being placed in isolation without cause and Defendant allowing an inmate to spray Plaintiff with piss and chemicals between the timeframe of February 21, 2016 and February 28, 2016.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery on Limited Issue of Exhaustion | Date for Close of Fact Discovery on Limited Issue of Exhaustion | Potential Plaintiff Witnesses on Limited Issue of Exhaustion | Potential Defendant Witnesses Limited Issue of Exhaustion |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Exchanged | March 16, 2023 | June 22, 2023 | Plaintiff ; Defendant; C.O. Luna | Plaintiff; Defendant; Ofc. M. Rose; Ofc. Schultz; Ofc. Sayas; Lt. Holmes; Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

6.  The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases.

7. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

8. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

9. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

10. The Parties then request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

**D.**     **Cases Ready to Proceed with a Regular Discovery Schedule.**

The Parties have identified the below four cases where discovery is ready to proceed and request the following schedules be entered jointly in all the cases.

| **Case name** | **Case Number** |
|---|---|
| Christopher Mansoori v. Director Morrison | 2021-CV-6173 |
| Christopher Mansoori v. Mellicent Ear ( "Ms. Milly) | 2021-CV-6379 |
| Christopher Mansoori v. Christopher Stadnicki, PA- C | 2022-CV-1632 |
| Christopher Mansoori v. Sergeant Amador, et. al. | 2022-CV-1642 |

**2021-CV-6173**
**Christopher Mansoori v. Director James Morrison**

This is a conditions of confinement case where Plaintiff alleges, he was subjected to extremely cold temperatures from November 7, 2019 through February 12, 2021.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Issued | March 2, 2023 | November 2, 2023 | Plaintiff Defendant C.O. Dominquez; C.O.Martinez; C.O. Smajic; C.O Flores; C.O.Lopez; C.O. Squires; Inmate Hector Avalos; Inmate Troach; Inmate Jeremiah Moore. | Plaintiff Defendant Facilities Worker Pechota Facilities Worker M. McGinnis Unknown Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Facilities Staff Members ( to be identified when more discovery is completed) |

1. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be listed in this status report in a separate section, in order to have the Court set a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

2. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

3. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

4. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

### 2021-CV-6379
### Christopher Mansoori v. Mellicent Ear ("Ms. Milly")

This is an access to courts and retaliation case where Plaintiff alleges Librarian Mellicent Ear failed to provide him with reasonable access to the Jail library to do legal research. Plaintiff further claims that the Defendant Ms. Ear then retaliated against him for suing other librarians during the time period of October 31, 2019 through March 2022.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Issued | March 2, 2023 | November 2, 2023 | Plaintiff Defendant c) Sergeant Day; C.O. Molina Carrera; C.O. Lopez; C.O. Fischer; Sergeant Bozeman; Sergeant Peck; C.O. K. Squires; C. O. Reed; Greg Bogatz (inmate or C O | Plaintiff Defendant Patterson Dean Unknown Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) |

1. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be listed in this status report in a separate section, in order to have the Court set a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

2. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

3. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

4. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:


**2022-CV-1632**
**Christopher Mansoori v. Christopher Stadnicki, PA-C**


This is a delay in medical care case, where Plaintiff alleges a six-week delay in treating broken hand, causing injury and pain.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|---|
| Yes September 9, 2022 | No Written Discovery Issued | March 2, 2023 | November 2, 2023 | Plaintiff Defendant Resident Orthopedic Surgeon; Assistant to Resident Orthopedic Surgeon; Expert Dr.Cohen. | Plaintiff Defendant Unknown Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

1. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be listed in this status report in a separate section, in order to have the Court set a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

2. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

3. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

4. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

## 2022-CV-1642
## Christopher Mansoori v. Sergeant Amador, et. al.

This is a conditions of confinement case where Plaintiff alleges inhalation of drugs, chemicals, toxic smells, and secondhand smoke while incarcerated between the dates of December 2020 – February 2022 against Defendants Assistant Executive Director Erica Queen , Executive Director Don Beachem, Superintendent Kia McCray, Lieutenant James Holmes, and Sergeant Antonio Amador.

| Have Initial (26)(a)(1) Disclosures Been Issued | Status of Written Discovery | Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|---|
| Yes September 9, 2022 | Yes ( See #1 below) | March 2, 2023 | November 2, 2023 | Plaintiff Defendants C.O. Toscano; C.O. Serna; C. O. Smajic; C.O Schultz; C.O. Espinoza; Sergeant Binkowski; C.O. Miskell; Inmate Brandon Morris; C.O. Mikolas; C.O. Abbelhadi; Nurse Hines; Inmate Antoine Pierce; Inmate Rayqwan Alexander; Inmate Jerome Stokes; Nurse Kingson. | Plaintiff Defendants Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

1. Plaintiff issued Interrogatories to identify unknown nurses on September 12, 2022 and on November 22, 2022. Defendants responded to Plaintiff's written discovery on December 16, 2022 after the settlement conference on December 5, 2022 did not prove to be fruitful for the parties. Plaintiff filed a Motion to Compel against Defendants on December 5, 2022. The Parties had a Local Rule 37.2 conference on January 19, 2023. Defendants sent Plaintiff Supplemental discovery Answers on January 24, 2023. No other written discovery has been issued or exchanged by either party in connection with this case.

2. The Parties would also recommend that in order to run the discovery process more efficiently with all cases, some global discovery between all of the Mansoori Litigation can be agreed upon.

   The Parties agree that to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases. The Parties agree that any cases involving an issue of exhaustion of administrative remedies will be listed in this status report in a separate section, in order to have the Court set a separate time frame for discovery on the issue of exhaustion before discovery on the merits.

3. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

4. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

5. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case:

Respectfully submitted,

*/s/ Jorie R. Johnson*
Jorie R. Johnson
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
Jorie.Johnson@cookcountyil.gov

*/s/ Miguel E. Larios*
Miguel E. Larios
Assistant States Attorney
Conflicts Counsel Unit
500 Richard J. Daley Center
Chicago, Illinois 60602
Miguel. Larios@cookcountyil.gov

*/s/ George C. Pontikes*
George C. Pontikes
George C. Pontikes & Associates, P. C
180 W. Washington Street, #400
Chicago, Illinois 60602
Tel: (312) 220-0022
Georgepontikes@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jorie R. Johnson hereby certify that I have caused true and correct copies of ***Joint Status Report of the Discovery Schedule*** and foregoing to be served on all Parties pursuant to ECF and in accordance with the rules of electronic filing of documents a copy was mailed via U.S. Mail on this 2nd day of February 2023.


To:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**


/s/ *Jorie R. Johnson*
Jorie R. Johnson