IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>Plaintiff<br><br>V.<br><br>Seargant Williams, et al.,<br><br>Defendants | No. 22-CV-1635<br><br>Judge Andrea R. Wood<br>Judge Jenkins<br>Magistrate Jeffrey T. Gilbert<br><br>FILED<br>MAR 10 2023 JB<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

## PLAINTIFF'S RESPONSE TO DEFENDANT SEARGANT WILLIAMS' MOTION TO DISMISS

The Plaintiff, Christopher Mansoori, pro se, respectfully requests this Honorable Court to deny Defendant Seargant Williams' Motion to Dismiss. In support of Plaintiff's request to deny Defense's Motion to Dismiss, the Plaintiff states the following:

Defense has went on an assortment of tangents, misrepresenting the factual basis of Plaintiff's claims plead. Defense states: "Sgt. Williams delayed legal mail, opened legal mail, and then ordered Plaintiff's new cellmate to be beaten. Each of those three allegations, fails to qualify as a deprivation, let alone a deprivation likely to deter future protected activity." Defense asserts many points in fact that just don't apply, their argument is inadequate because the Plaintiff plausibly plead facts that differ entirely than what they attempt to portray. This Honorable Court is highly capable of differentiating between the points in fact raised, under review,

1 of 6

To state a claim for First Amendment retaliation, a complainant must plausibly allege that: (1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and; (3) his protected activity was a motivating factor in the defendants' decision to retaliate. Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015).

The Plaintiff has plead he engaged in communication with his attorney, via the mail, pertaining to their current civil proceeding against agents of the state. The Plaintiff's position is his participation in a Federal proceeding and the legal correspondence he recieved or sent was his engagement in a protected activity, satisfying (1) of Perez v. Fenoglio. Next, Plaintiff alleged Seargunt Williams blocked or deprived him of a specific legal correspondence, from his attorney, indefinitely. The contents of the mailing were interrogatories to be answered for a civil proceeding. By Seargunt Williams depriving Plaintiff of the specified mailing, Plaintiff was detered in answering the interrogatories and complying with Federal civil procedures, which is protected activity (future). These plausibly plead facts satisfy (2) of Perez v. Fenoglio. The Plaintiff has plead Seargunt Williams foretold he was bringing a transferee to Plaintiff's cell, and it is Plaintiff's position the Defendant intended to beat that inmate before transfering him (the inmate disrespected female staff prior to the transfer), but he deliberately chose Plaintiff's cell. The Defendant had that inmate beaten while looking at and directing comments towards Plaintiff, referencing the content of the very same legal correspondence he blocked days earlier. This was an act of intimidation in which the Plaintiff percieved it as such. The fact Seargunt Williams stated "You're going to get that lawsuit you've looking for," and directed it towards Plaintiff, it was a clear indication that the Defendant had knowledge of Plaintiff's legal correspondence withheld, containing lawsuit material. This allows the court to infer that the knowledge the Defendant possessed in regard to Plaintiff's protected activity, was a motivating factor in Defendant's conduct, when he attempted to get Plaintiff involved in the altercation he brought to Plaintiff's cell. Furthermore, the Defendant ultimately forced the Plaintiff

to watch violence in closed quarters, demonstrating force, in combination with making remarks towards Plaintiff referencing the protected activity the Defendant blocked. This conduct was meant to be threatening and intimidating towards Plaintiff, and the Court has properly inferred as such. These factual allegations satisfy (3) of Perez v. Fenoglio, and in total amount to a sufficient First Amendment retaliation claim.

    The Plaintiff engaged in a protected activity, which is his First Amendment right to recieve or send legal correspondence, pertaining to a civil proceeding, with his attorney, via the mail. Rowe v. Shake, 196 F. 3d 778, 782 (7th Cir. 1999). Also, "The Fourteenth Amendment gurantees meaningful access to courts, and the oppurtunity to communicate privately with an attorney is an important part of that meaningful access." Guajardo-Palma v. Martinson, 622 F. 3d 801, 802 (7th Cir. 2010). It is undisputed the Defendant recognized the specified mail to be of a special status or from an attorney because he used Division 4's legal mail logbook and wrote the Plaintiff was "Not on tier," as to why he didn't deliver Plaintiff the legal correspondence. The logbook is only used to document mail deemed "legal." The Plaintiff has alleged he personally viewed the logbook and the entry "Not on tier," when Seargant Danbrowski showed him where it was logged. The Plaintiff did not leave the tier for any reason within that month of May. The Defendant falsely and fraudulently marked "Not on tier" so that the legal mail would not be delivered to Plaintiff. In this manner, the Defendant deprived Plaintiff of legal mail from his attorney, related to civil proceedings held at this Court's House. "An inmates legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts." Kaufman v. McCaughtry, 419 F. 3d 678, 685-86 (7th Cir. 2005).

    The First Amendment is clear, Freedom of speech shall not be diminished or reduced, and Courts have ruled mail correspondence is a form of freedom of speech. The Plaintiff did not merely allege his general correspondence was inspected, withheld or delayed (as the Defense portrays in their Motion to Dismiss). Instead, the Plaintiff alleged his **Legal Mail** was entirely blocked, the specific correspondence articulated in the Complaint

was indefinitely kept away from Plaintiff, by Seargant Williams. Upon asking Seargant Dambrowski, what were the procedures of dealing with legal mail after it is marked in the logbook "not on tier"?, he replied, "It gets sent back to the sender." Whether Seargant Williams sent the mail back to Plaintiff's attorney is speculative, but it was confirmed nothing was recieved by Plaintiff's attorney's office on return. What is not speculative is the Defendant definitely deprived Plaintiff of legal correspondence from his attorney, without a valid or meritorious reason for doing so. The Defendant did make a comment about the content within the mailing he blocked or intercepted, in which the Plaintiff plausibly plead, allowing the Court to draw the reasonable inference that the Defendant read the material he blocked the Plaintiff from recieving. The Plaintiff never left the tier though and the Defendant falsely marked it in the legal mail logbook "not on tier," initiating procedures to return it to sender. This act was an intentional deprivation, to block future protected activity, in the court.

    The Defense asserts that since Plaintiff's cellmate was beaten and not Plaintiff that there is no connection to Seargant Williams' conduct and Plaintiff. Defense states, "As to the beating, Plaintiff suffered no deprivation." This argument entirely misses the mark because (3) of Perez v. Fenoglio doesn't involve deprivation. Plaintiff's participation in civil proceedings was a motivating factor when the Defendant chose to intimidate the Plaintiff by beating his cellmate in his presence. As said before, the Court must "accept all well pleaded facts as true and draw reasonable inferences in the Plaintiff's favor." The Plaintiff has plead allegations well and has sufficiently made claims for First Amendment Retaliation, according to the standard set. The Defense states, "Plaintiff speculates that his outgoing mail was delayed to punish him for filing so many frivolous lawsuits..." The Plaintiff assures the Court he never speculated as such, but the Plaintiff highlights these kinds of statements, made throughout the Defendant's Motion to Dismiss, hold no value in the analysis of Defendant Seargant Williams' conduct.

    Wherefore, the Plaintiff prays this Honorable Court denies Defendant's Motion to Dismiss,

For the reasons stated herein, The Defendant's arguments fail. The Court properly screened Plaintiff's pro se complaint, as if it were a Motion to Dismiss, initially.

Respectfully submitted,
Christopher Mansoori

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Christopher Mansoori 2-28-23
Christopher Mansoori
2700 S. California
Chicago, IL 60608

## Certificate of Service

I, Christopher Mansoori, swear under penalty of perjury, that I filed Plaintiff's Response to Defendant Seargant Williams' Motion to Dismiss with the Clerk of the United States District Court on 3/2/23 by handing Jail staff the documents, for outgoing mail, with proper postage and envelope, addressed to: Prisoner Correspondent, United States District Courthouse, 219 S. Dearborn St, 20th Floor, Chicago IL 60604. Simultaneously I handed to jail staff for outgoing mail, a copy of the same response filed, with proper envelope and postage, for Defense Counsel, addressed to: Jorie Johnson, State's Attorney, Richard J. Daley Center, 50 W. Washington, 5th Floor, Chicago, Illinois 60602.

Christopher Mansoori

Christopher
20191007(
2700 S. California
Chicago IL 60608

03/10/2023-6

Prisoner Correspondent
United States District Court house
219 S. Dearborn street, 20th Floor
Chicago IL 60604