IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Mansoori, | ) | |
| | ) | |
| Plaintiff, | ) | 22 CV 1635 |
| | ) | |
| v. | ) | Judge Lindsay C. Jenkins |
| | ) | |
| Sgt. Aaron Williams, | ) | Magistrate Judge Jeffery T. Gilbert |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SERGEANT WILLIAM'S**
**REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant, Sergeant Aaron Williams ("Defendant"), by his attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorneys, Jorie R. Johnson and Joel Zeid, pursuant to Fed. R. Civ. P. 12(b)(6), replies in support of Defendant's Motion to Dismiss Plaintiff's Complaint as follows:

**ARGUMENT**

As stated in Defendant's Motion to Dismiss (Dkt. 12), this Court should dismiss all counts of Plaintiff's Complaint, (Dkt. 6), where he alleges that Defendant retaliated against him and violated his First Amendment rights when he allegedly transferred a cellmate to Plaintiff's cell using force and stated "[y]ou're going to get that lawsuit you're looking for," while another officer punched the other inmate in the face. (Dkt. 7 at 2-3.)

Plaintiff's Response does nothing to help his inadequately plead First Amendment retaliation claim. (Dkt. 25.) Accordingly, the Court should dismiss Plaintiff's Complaint with prejudice for the following reasons. First, Plaintiff's allegations do not show that he was engaged in a protected activity. Second, Plaintiff has failed to allege that he suffered a deprivation likely to

1

deter a future protected activity. Lastly, Plaintiff fails to allege that a protected activity was a motivating factor in Defendant's alleged decision to retaliate.

> **I. Plaintiff has failed to properly support his First Amendment Retaliation Claim against Defendant, and it should be dismissed.**

In the Court's 1915A review of Plaintiff's Complaint, Plaintiff was permitted to only proceed with his First Amendment retaliation claim against Defendant. (Dkt. 7.) All other claims alleged in Plaintiff's Complaint were dismissed. (Dkt. 7.) In his Response, Plaintiff agrees with Defendant that to state a claim for First Amendment retaliation claim he must prove: (1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and; (3) his protected activity was a motivating factor in Defendant's decision to retaliate. *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). However, in his Response, Plaintiff makes clear that his First Amendment retaliation claim against Defendant is so distinctly intertwined with a previous claim this Court already determined Plaintiff cannot proceed with during its 1915A review. (Dkt. 7.) In its 1915A Order, the Court should not have permitted Plaintiff to continue with his First Amendment retaliation claim against Defendant because the "protected activity" involving mail was dismissed by the Court, and no other "protected activity" is at issue here.

Additionally, Plaintiff makes no attempt to adequately address the arguments outlined in Defendant's Motion to Dismiss as to his claim of First Amendment retaliation. Plaintiff does not argue that the caselaw cited in the Motion is mistaken, and once again merely argues that he satisfied the elements of retaliation because the Court can "infer" about all facts relevant to prove his allegations. Moreover, Plaintiff fails to rectify or explain away his poorly pled claim.

> a. *First Prong – Plaintiff did not engage in a protected activity.*

To begin, Plaintiff's first argues that he satisfied the first prong of *Perez* because he is engaged in a protected activity by sending or receiving legal correspondence via the mail with his

attorney relating to a current civil proceeding against agents of the state.

As previously discussed by this Court in both its 1915A Order (Dkt. 7) and Defendant's Motion, in a jail or prison, all mail is opened before delivery for security reasons. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). The Seventh Circuit has previously held that prison officials are not prohibited by the Constitution from inspecting or even reading most mail that prisoners receive. *See Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir.1986); *Smith v. Shimp*, 562 F.2d 423 (7th Cir. 1977). However, Plaintiff's argument still fails as he has yet to allege that the mail in question was actually marked "legal mail". Nowhere does Plaintiff in his Complaint or Response assert an allegation that the mail allegedly opened by Defendant was marked with phrases such as "legal mail", "confidential," "privileged", or "special mail" such that mailroom staff would be alerted to its status prior to opening it. *See Harrison v. Cty. of Cook*, *Ill.*, 364 Fed. Appx. 250, 253 (7th Cir. 2010) (mail from an attorney that was not clearly marked as legal did not give rise to a claim that legal mail was opened outside a prisoner's presence). This marking is essential. *Id*. (emphasis added) (citing 28 C.F.R. § 540.2(c) (the sender of legal mail is supposed to mark on the envelope: "Special Mail-Open only in the presence of the inmate"); *see also* § 540.18(a)). Without some marking indicating the letter is legal or special mail, "staff may treat the mail as general correspondence." 28 C.F.R. § 540.18(b).

The Court reviewed all of Plaintiff's claims, including his claims regarding mail, and deemed them insufficient to state a claim to proceed with against any defendant. (Dkt. 7.) Plaintiff's only other contention falls on his belief that the mail in question in his Complaint was logged in a "legal mail logbook", so the mail must have been legal mail. However, that is an inference, along with numerous others that Plaintiff notably and specifically asks the Court to

make throughout his Response to Defendant's Motion to Dismiss. It is true that, "the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). However, Plaintiff is now asking the Court to go above and beyond its duty to draw reasonable inferences in his favor. Plaintiff now wishes the Court to draw all inferences he makes or references in his favor regardless of whether they are reasonable or not, just as long as he notes that the Court can "infer" or "assume" the fact for him. Such requests should be disregarded.

Further again, even if Plaintiff's mail had been marked as legal mail, courts have held that jail officials may still inspect incoming or outgoing legal mail (even mail from courts) for contraband. *Rowe*, 196 F.3d at 782; *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Regardless of whether the mail was marked "legal" or not, those alleged actions do not violate the Constitution. As the Court has already examined this issue, there is no need to rehash this issue, and Plaintiff has provided no new arguments to address. Defendant agrees with the Court's previous findings and therefore, Plaintiff has not sufficiently plead that he was engaged in a protected activity, which is required for his First Amendment retaliation claim.

    b. *Second Prong – Plaintiff did not suffer a deprivation likely to deter future protected activity.*

With respect to the second prong, Plaintiff argues in his Response that Defendant blocked or deprived him of a specific legal correspondence from his attorney indefinitely. (Dkt. 25 at pg. 2.) Plaintiff further argues that as a result of not receiving the "legal mail", he was deterred from answering the interrogatories in his federal civil proceeding. (*Id.*) Plaintiff makes sure to articulate in his Response that the Court should "infer" that Defendant opened his mail outside his presence, reviewed and examined the mail he opened, and then either returned or disposed of the piece mail. (*Id.* at pg. 2 and 3.) Once more, Plaintiff insists the Court make additional inferences on his behalf

4

that are not reasonable. Plaintiff additionally does nothing to address how Defendant's actions count as a deprivation that would violate the Constitution.

Plaintiff claims Defendant marked that "he was not present on tier, which deprived of him one 'legal correspondence'" that he was meant to receive from his attorney. (Dkt. 25 at pg. 3.) But Plaintiff provides no further allegations or indication of how that deprivation deterred him from filing a lawsuit or stopped him from sending out more legal mail to his attorney. Plaintiff also failed to reply to Defendant's argument in his Motion to Dismiss about how Defendant was not responsible for the delay in Plaintiff receiving his legal mail because he did not work in the mailroom. (Dkt. 12.) Plaintiff should not be permitted to sue Defendant for someone else in the mailroom's alleged wrongdoing. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Further, any delay this missing mail caused Plaintiff in responding to interrogatories in his federal lawsuit is not enough to satisfy the second prong. It is clear that any deprivation did not deter future protective activity of sending or receiving mail. Plaintiff still makes no allegations that his cellmate being assaulted, his mail being opened and returned to sender, or delayed outgoing mail caused him to stop filing lawsuits or communicating with his attorney. Therefore, Plaintiff failed to allege facts that would show he suffered a deprivation likely to deter him from any future protected activity, and thus cannot satisfy the second prong.

  *c. Third Prong – Plaintiff has failed to plead that his protected activity was a motivating factor in Defendant's decision to retaliate.*

In Plaintiff's final attempt to prove his Complaint has stated a valid claim, he argues in his response that, "Defendant intended to beat the other inmate before transferring him (because he

5

had disrespected female staff prior to his transfer), but he deliberately chose Plaintiff's cell[]", as the place where the beating needed to take place. (Dkt. 25 at pg. 2.) This is all pure speculation by Plaintiff without citing any allegations in his Complaint. Defendant previously argued in his Motion to Dismiss that Plaintiff's allegations were a mere speculative narrative that he constructed, involving his new cellmate being assaulted to send him a message rather than due to disruptive or aggressive conduct by that new cellmate. (Dkt. 12.) However, Plaintiff now confirms that his allegations were assumptions and not based on any fact, when arguing in his Response that the inmate was allegedly going to be "beaten" anyway due to his behavior with the female staff members. (Dkt. 25 at pg. 2.) This directly negates Plaintiff's entire argument that the beating was directed as an act of retaliation to stop Plaintiff from filing lawsuits.

While allegations must be presumed true, speculation cannot survive a motion to dismiss. Plaintiff himself was not assaulted by Defendant. Plaintiff's cellmate being beaten was not an act of retaliation in violation of his First Amendment rights as Plaintiff continues to proceed with filings with this Court and filings in his other pending cases to date. Thus, Plaintiff has not satisfied the third prong and presented that his protected activity was a motivating factor in Defendant's decision to retaliate. As such, Plaintiff has failed to plead that he suffered a deprivation, that he suffered a deprivation likely to deter future protected activity, and that any deprivation was due to his prior protected activity.

## CONCLUSION

Plaintiff has failed to allege that he engaged in a protected activity or that Defendant's decision was in some way retaliatory or punitive towards him. Plaintiff's suit is legally insufficient. For the foregoing reasons, the Court should: (a) grant Defendant's Motion to Dismiss in its entirety; (b) stay all responsive pleadings, discovery, and litigation until the Court rules on this

motion; (c) assess Plaintiff a "strike" under the PLRA and 28 U.S.C. §1915(g); and (d) provide such other relief that this Honorable Court deems necessary and appropriate.

                Respectfully submitted,

                KIMBERLY M. FOXX

                State's Attorney of Cook County

By:    */s/Jorie R. Johnson*
      Jorie R. Johnson
      Joel Zeid
      Assistant State's Attorney 500
      Richard J. Daley Center
      Chicago, Illinois 60602
      (312) 603-7930

## **CERTIFICATE OF SERVICE**

      I, Jorie R. Johnson hereby certify that on **March 27, 2023** I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served upon all Non-ECF users via U.S. Mail:

Christopher Mansoori
20191007189
Cook County Jail
2700 S. California Ave.
Chicago, IL 60608

                                                              */s Jorie R. Johnson*
                                                              Jorie R. Johnson