UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Christopher James Mansoori, (#2019-1007189)    *Plaintiff*,   v.   Sergeant Williams,      *Defendant* | No. 22 C 1635   Judge Lindsay C. Jenkins |

### ORDER

Defendant's motion to dismiss is denied [Dkt. No. 12]. Defendant is directed to answer the complaint by June 23, 2023.

Plaintiff Christopher Mansoori, a detainee at Cook County Jail, has brought this action *pro se* under 42 U.S.C. § 1983, alleging that jail staff members infringed on his First Amendment rights citing delays in receiving his mail, lack of privacy in his legal mail, and retaliation for his legal filings. [*See* Dkt. No. 6]. On initial review of the complaint, the Court determined that Plaintiff's allegations were sufficient to state a first amendment retaliation claim against Sergeant Williams. [Dkt. No. 7]. However, all other claims were dismissed. [*Id*.] Currently before the Court is Defendant's motion to dismiss, which has been fully briefed. For the following reasons, the motion is denied.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint's allegations must be enough to raise a plaintiff's right to relief above a speculative level. *Twombly*, 550 U.S. at 555.

When determining whether a complaint pleads sufficient facts, a court assumes that all well-pleaded factual assertions, as well as all reasonable inferences drawn therefrom, are true; however, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants"); *see also Looper Maint. Serv. Inc. et al. v. City of Indianapolis et al.*, 197 F.3d 908, 913 (7th Cir. 1999) (the absence of facts supporting a claim "renders the allegations mere legal conclusions of Section 1983 liability"). Because Plaintiff is proceeding *pro*

*se* and is not an attorney, the court liberally construes his complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

For the purpose of Plaintiff's retaliation claim, the relevant allegations are as follows. On May 25, 2021, Sgt. Williams improperly marked in the legal mail logbook that Plaintiff was not present on the tier, resulting in Plaintiff's legal mail being returned to sender. [*Id.*] A few days later, Sgt. Williams transferred Plaintiff's cellmate to a different tier and moved another inmate into Plaintiff's cell. [*Id.*] During the transfer, Sgt. Williams and four other officers aggressively hauled the new inmate into Plaintiff's cell and forcefully placed that inmate on the ground. [*Id.*] Plaintiff alleges that Sgt. Williams looked at Plaintiff and stated, "you're going to get that lawsuit you're looking for." [*Id.*] Another officer proceeded to punch the new inmate as hard as he could in his face. [*Id.*]

Based on those allegations, Defendant urges dismissal, contending that, even if true, the alleged beating of Plaintiff's cellmate would give rise to a lawsuit personal to that cellmate, not this Plaintiff. [Dkt. No. 12, pg. 3.] Defendant maintains that Plaintiff is essentially pleading his cellmate's constitutional claim. [*Id.*] The remainder of the motion to dismiss centers around Plaintiff's claims related to legal mail, but the Court notes that Plaintiff's claims related to those claims were dismissed and Plaintiff was only allowed to proceed solely as to his retaliation claim. [*Id*. pg. 4-6; Dkt. No. 7, pg. 4.]

When the Court screened the complaint, it used the same standard as required for a motion to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011); see *also Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009) (noting that motion under Rule 12(b)(6) challenges the sufficiency of the complaint). To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and (3) his protected activity was a motivating factor in the defendants' decision to retaliate. *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

It is undoubtedly true, as Defendant maintains, that rights personal to their holders may not be enforced by third parties. *See Fields v. Wharrie*, 740 F.3d 1107, 1109 (7th Cir. 2014). But here, Plaintiff has not alleged, nor has the Court inferred, that he is seeking to recover from the specific harm caused to the other inmate. Rather, Plaintiff's allegations support an inference that Sgt. Williams's alleged role in aggressively placing another inmate into Plaintiff's cell, beating that inmate, and directing intimidating comments toward Plaintiff regarding his lawsuits are sufficient for Plaintiff's claim for retaliation to survive at the dismissal stage. Such allegations that Sgt. Williams' conduct was an attempt to thwart Plaintiff's ability to file subsequent suits is sufficient to state a first amendment claim for retaliation. In short, the Court sees no reason to revisit its screening order. As such, Defendant's motion to dismiss Plaintiff's complaint is denied.

Enter: 22-1635
Date:  May 30, 2023

United States District Court Judge