# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **Christopher Mansoori,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 22 cv 1635 |
| | ) | |
| v. | ) | Judge Lindsay C. Jenkins |
| | ) | Magistrate Judge Jeffery T. Gilbert |
| **Sergeant Williams,** | ) | |
| **Defendant.** | ) | |

## DEFENDANT ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, through his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorney Jorie R. Johnson and answers Plaintiff's Complaint as follows:

**Statement of Claim:**

### Count 1

1. In March of 2020 I sent a letter to my cousin Mohsen Mansoori from Division 6, tier 1K, with proper postage. This outgoing mail from Cook County Jail, was withheld by the jail for 1.5 months. The stamp was removed, and written on the envelope was "postage required", "return to sender". The mail was returned to me opened, and where the stamp was, the remnant of adhesive from the stamp remained. John Doe mailroom staff removed the stamp to justify opening and reading the closed mailing. I still have the envelope for inspection, and I seek redress for the violation.

**ANSWER:** The allegations in paragraph 1 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 1 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

### Count 2

2. The same exact time I placed into the mail, the cited mailing in Count 1, I mailed my friend Josh Dreyman a mailing. The officer placed both mailings into outgoing mail simultaneously. It was approximately March 7, 2020. Josh did not receive the mailing until October of 2020. It took over 6 months to get to Josh. John Doe Mailroom staff withheld

**and delayed the mailing.**

**ANSWER:** The allegations in paragraph 2 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 2 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 3

**3.    In the beginning of January 2021, I called Northwestern Memorial Hospital for hospital records to support a motion for bond in the criminal cases I'm currently incarcerated for. The hospital diagnosed the bicuspid value I was born with, and since I was around so many quarantined decks, I was seeking a bond due to my pre-existing condition and health.**

**ANSWER:** The allegation in paragraph 3 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 3 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**4.    The hospital agreed to send medical release forms for my attorney, to me in the jail. The jail monitored the call and request of the health records. The date the motion for bond was scheduled to be heard was approximately January 24, 2021. I did not receive the forms before the hearing.**

**ANSWER:** The allegation in paragraph 3 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 3 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**5.    In fact, The second week of February 2021 I received the medical release forms inside of a Northwestern Memorial envelope, postmarked before the hearing date, and a proper address for me on it's cover, opened, inside of an envelope from the State's attorney office, postmarked after the hearing date.**

**ANSWER:** The allegation in paragraph 5 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations

contained in paragraph 5 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**6.     John Doe mailroom staff intercepted the hospital's mailing, to prevent me from including hospital records in the motion for bond, gave it to the state's attorney's office, and they mailed it to me in their envelope, closed, after the hearing was over. I have both envelopes, the postmarked envelope from the hospital, and State's attorney's postmarked envelope, they placed the hospital's envelope inside of. I have remained without bond the entire time. The State's attorney and John Doe mailroom staff violated me in a collective effort and I seek redress.**

**ANSWER:** The allegation in paragraph 6 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 6 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 4

**7.     On May 20, 2021 in Division 4, tier M2, while I was in cell 205, C.O. Tisza brought me legal mail opened from the Illinois Court of Claims, It was 1pm, It was not opened in my presence, and written on the outside was "Let Legal papers". It was taped closed and passed out with regular mail. I requested the sergeant before I accepted the mail, the sergeant told Tisza to "write a grievance". John Doe mailroom staff violated my rights pertaining to legal mail, to gather intelligence. I have the envelope as evidence.**

**ANSWER:** The allegation in paragraph 7 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 7 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 5

**8.     On May 24 or May 25, 2021 Sergeant Williams marked in the legal mail logbook Division 4 that I was "not on the tier".**

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 8 of the Complaint.

9. Sergeant Danbrowski showed me the (6/4/21) logbook when I asked him where my legal mail from George C. Pontikes is at? He informed me that since Sergeant Williams wrote "not on tier" the mailing would be returned to sender. The mail was in regard to Mansoori vs. City of Chicago filed 2/15/20, and was extremely confidential. George C. Pontikes and his secretary Heidi never received the mailing back.

**ANSWER:** Defendant Sergeant Aaron Williams lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and therefore, they are denied.

10. Also, I never left the deck on any occasion until I burned my hand in June of 2021, with hot water. The fact Seargant Williams wrote "not on tier", when I never left the deck, and the sender never received the mail back is indicative that Sergeant Williams used his authority to unlawfully block or intercept Legal mail of mine, in violation of my rights.

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 11 of the Complaint. Defendant further denies any wrongdoing or liability regarding allegations claimed by Plaintiff.

11. Also, based on Sergeant Williams read the Legal mail he intercepted, and acted further, in the intelligence he unlawfully acquired. He also delayed the proceeding by intercepting the documents.

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 11 of the Complaint. Defendant further denies any wrongdoing or liability regarding allegations claimed by Plaintiff.

## Count 6

12. On June 1, 2021, within a week of Count 5, Sergeant Williams told my cellmate Jeron Stokes to pack it up. He said they were bringing another inmate into the cell. I told him, "it's not someone crazy is it? Why are you picking my cell"? I immediately felt as though it was a set up. ( I did not have knowledge of Count 5 until June 4 2021 though).

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 12 of the Complaint. Defendant further denies any wrongdoing or liability regarding allegations claimed by Plaintiff.

13. Sergeant Williams said, "no, he's not crazy". Cell 205 was in the corner, on

**the bottom deck, under the stairs, and the bottom deck had no cameras. Cell 205 was perfect for concealed activity.**

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 11 of the Complaint. Defendant further denies any wrongdoing or liability regarding allegations claimed by Plaintiff.

**14. After Jeron Stokes left my cell, Sergeant Williams and four other officers hauled an unknown inmate very aggressively into the cell. They instructed me to get back against the wall, and they placed the cuffed inmate face first at my feet. They manhandled the inmate after they uncuffed him, and kept him down by force. Officers had their shoulders against my shins and my heels were against the wall. I scooted around them to avoid being in the altercation.**

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 14 of the Complaint. Defendant further denies any wrongdoing or liability regarding allegations claimed by Plaintiff.

**15. As they let the inmate stand up, I moved by the sink and doorway. Then Sergeant Williams looked to me and said, "You're going to get that lawsuit you're looking for." The unknown inmate was upset about the abuse of the officers, and stood up saying "Wassup"? C.O. Ramirez then punched the inmate as hard as he could in the face, and all of the officers participated in beating the inmate. I stepped out of the cell, as I wanted no parts in the situation. Sergeant Armador was standing outside of the cell and he smiled in my face and ordered me to go back in the cell. He pointed next to the toilet to stand. I was forced to watch them beat the inmate further.**

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 15 stating an inmate was beaten by other officers and that statements were made by him towards Plaintiff. Defendant denies any wrongdoing or liability regarding allegations claimed by Plaintiff. Defendant Sergeant Aaron Williams lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore, they are denied.

**16. As they cuffed the inmate, after using their fists to beat him down, Sergeant Williams looked me right in the face and said again, "You're going to get that lawsuit you're looking for alright", while he and the others carried the inmate back out and off the tier. It was approximately 2:30pm, and Sergeant Williams brought that inmate to my cell only to beat him off of the camera and take him back out. Honestly, they tried to get me involved in**

the altercation, but I moved swiftly. At a bare minimum Sergeant Williams and Sergeant Armador attempted to intimidate me, for various reasons, including the lawsuits I have.

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 16 of the Complaint. Defendant further denies any wrongdoing or liability regarding allegations claimed by Plaintiff.

17. Sergeant Williams learned of a lawsuit days before this incident as is described in Count 5. I include this act of intimidation, as it's motivation is the intelligence gathered through unlawful interference of my legal mail described in Count 5, and all acts were within a short time frame and deliberate. If Sergeant Williams had not unlawfully learned of my lawsuit, he would not have attempted to intimate me for it.

**ANSWER:** Defendant Sergeant Aaron Williams denies the allegations contained in paragraph 17 of the Complaint. Defendant further denies any wrongdoing or liability regarding allegations claimed by Plaintiff.

## Count 7

18. On August 26, 2021 I handled C.O. Garcia an envelope around 12:30pm while I was in my cell. The envelope contained approximately 35 handwritten pages for answers to the City of Chicago's attorney's interrogatories. It was addressed to George C. Pontikes and his law firm with proper postage, sealed. C.O. Garcia left the envelope in the bubble, but C.O. Cortez, the next shift, in Div 6, 2K, promised to put it in outgoing mail. He assured me he did.

**ANSWER:** The allegation in paragraph 18 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 18 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

19. By September 26, 2021 Mr. Pontikes never received the mailing, and he said the post office did not have it in their system or have knowledge about the mailing. John Doe mailroom staff intercepted the outgoing legal mail, and blocked/delayed the proceeding I ended up writing it all over again, by hand, and Mr. Pontikes came to the jail twice to pick it up. The first time he was denied entry, he was able come to the jail and pick up the documents mid-October 2021. John Doe mailroom staff took the mail and delayed the proceeding, causing my lawyer and I, to do triple the work. Mr. Pontikes never received the mailing.

**ANSWER:** The allegation in paragraph 19 is not directed at Defendant Sergeant Aaron Williams

and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 19 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

### Count 8

**20.** On January 2, 2022 I was handed legal mail from George C. Pontikes, while I was on tier 2N in Division 6. The envelope was standard size, was opened all the way across, (not in my presence), and scotch taped closed. "Open in error", was written on the envelope.

**ANSWER:** The allegation in paragraph 20 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 20 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**21.** I had a Federal Deposition scheduled the next day January 3, 2022. The legal mail's content contained private and confidential information or correspondence that was violated by John Doe staff. Attorney client privilege is not respected by the jail. I have the envelope for evidence.

**ANSWER:** The allegation in paragraph 21 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 21 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

### Count 9

**22.** On January 25, 2022, approximately 4:00pm, right outside tier 2N, Division 6, three internal affairs officers brought legal mail, asking me if I was "expecting any legal mail"? I told them, "I don't know", they wouldn't let me see who it was from at first. I noticed the legal mail was already opened all the way across, and taped closed. I asked I.A. officer Rodriguez while his body camera was running, "why is the mail opened already"? He said "I don't know the mailroom did it".

**ANSWER:** The allegation in paragraph 22 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations

contained in paragraph 22 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**23.    As he opened the mailing already opened, I noticed Mr. Pontikes unique paper and letterhead. I immediately told them I recognized it's from my lawyer. They acted as if my lawyer's unique paper had drugs on it, kept the envelope it came in, kept the pre-stamped envelope Mr. Pontikes provided to send back documents, didn't let me look at the papers, then left copies of papers they claimed were in the envelope for the tier officer, Wordlaw, to pass to me. They deliberately withheld the pre-stamped envelope, to send back the release forms, for tax returns, the city of Chicago requested, during the Federal Deposition held on January 3, 2022.**

**ANSWER:** The allegation in paragraph 23 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 23 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**24.    I was unaware that was what the content in the envelope contained. The mailroom opened this mail not in my presence, violating the privacy of the proceeding (Federal) and the communications between my lawyer and I related to. Furthermore, one of the three Internal Affairs Officers took the means to send back those filled out documents, by withholding the pre-stamped envelope, directly interfering and delaying the Federal process, while simultaneously keeping the communications between my lawyer and I, mailed in confidence, for themselves, giving me a copy of the correspondence.**

**ANSWER:** The allegation in paragraph 24 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 24 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**25.    They viewed what Mr. Pontikes wrote to me before I read it, and gave me a copy of what they chose to give. I.A. officer Rodriguez is a witness to event, possibly even a participate, but two other I.A. officers were involved and they are John Doe's to me. I name the John Doe participates as defendant's, and I highlight Officer Rodriguez and both John Doe officers had body cameras running simultaneously, for a potential subpoena.**

**ANSWER:** The allegation in paragraph 25 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations

contained in paragraph 25 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**26.** The legal mail was opened and viewed before it was even brought to me, as the body cam conversation will indicate. John Doe mailroom staff, and John Doe Internal Affairs officers violated my rights pertaining to legal mail and breached attorney client privilege, and interfered with an ongoing Federal proceeding. They also harassed me.

**ANSWER:** The allegation in paragraph 26 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 26 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 10

**27.** Approximately January 5, 2022 I wrote a letter again to my friend Josh Dreymann, who is a witness in the Federal proceeding referenced above, against The City of Chicago and has since testified in that proceeding. It is now the middle of March 2022 and Josh has still never received the mailing sent to him over seventy days ago. John Doe mailroom staff has blocked my outgoing mail.

**ANSWER:** The allegation in paragraph 27 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 27 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 11

**28.** On January 21, 2022 I gave C.O. Tillery a motion for substitution of Judge, for the criminal cases I'm incarcerated for, in an envelope, addressed to the clerk of the court at 2650 S. California, Chicago IL 60608, with proper postage. I can see the building, where the mailing was intended, from my cell. It is 300 feet away. Of course the mail goes elsewhere before it goes to the clerk (it doesn't go directly), but the clerk did not receive it until February 16, 2022, twenty-seven days later. The clerk mailed it back to me, postmarked the Feb. 18, and it went through the jail screening and was handed to me February 28, 2022 within ten days.

**ANSWER:** The allegation in paragraph 28 is not directed at Defendant Sergeant Aaron Williams

and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 28 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**29.** **The jail staff delayed the motion mailed to the clerk (outgoing) for over three weeks. This damages my legal position by causing delay. Joe Doe mailroom staff deliberately with held my outgoing mail. Even if this is caused by negligence, I can prove through multiple mailings, around the same time period, the United States postal service was moving faster than that, at that time.**

**ANSWER:** The allegation in paragraph 29 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 29 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 12

**30.** **On February 24, 2022 at 9;42pm on tier 2N, Division 6, cell 19, C.O. ABDELHADI brought me legal mail from the Court of Claims, which contained two correspondence about two lawsuits I have against the State of Illinois. Case #'s 2022-CC-0128 and 2022-CC-0219. ABDELHADI said, "I found this in the seargant's office". The legal mail was opened all the way across, partially taped closed, and was wet as if someone sat their cup on the documents.**

**ANSWER:** The allegation in paragraph 30 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 30 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**31.** **John Doe staff violated my rights and inspected my legal mail not in my presence and left it around for beverages to spill on it. They have gathered a lot of intelligence violating my legal mail. C.O. ABDELHADI said he is a witness my mail has been violated. The mail was from the commissioner on the cases.**

**ANSWER:** The allegation in paragraph 31 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations

contained in paragraph 31 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 13

**32.** When the motion for substitution of judge was sent back to me by the Clerk of the Court on February 28, 2022 at 1:15pm on 2N, Division 6, as described in Count 11, Seargant (who I was told was) Franzo brought it to me opened. When he asked me to open it, I told him, "It's already opened, why"? He said, "I dunno the mailroom". It was opened all the way across the top and taped closed, "staple" was written on the cover of the envelope. John Doe mailroom staff read the contents of my legal mail to gather intelligence in violation of my rights.

**ANSWER:** The allegation in paragraph 33 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 20 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**33.** On March 11, 2022 when I went to argue or hear the motion to substitute judge, which jail staff read about, the sheriffs blocked me from going to court to conduct the argument.

**ANSWER:** The allegation in paragraph 33 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 33 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**34.** I didn't go to zoom or in person. In another complaint I will assert multiple claims for denying me access to the court, but I only raise the issue now to give weight to the content of the mail John Doe staff unlawfully opened and read, gathering intelligence to violate me further, this count is only related to the mail violated and it's content, used as a basis for an act to come. The legal mail was opened before it was brought to me and taped closed.

**ANSWER:** The allegation in paragraph 34 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations

contained in paragraph 34 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 14

35. **Before I had a $25,000 check mailed to me in the jail, from a settlement, I asked counselor Hinojosa how it works and if it's possible. She told me three times it was acceptable and that it'd take at least a week for the $25K checks to clear. She also said she couldn't handle the check, that I'd have to give it to a sheriff to pass to trust.**

**ANSWER:** The allegation in paragraph 35 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 35 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

36. **On January 26, 2022 Baker and Enright mailed me the check. The jail gave it to me February 9, 2022. I held it until the morning, on February 10, 2022. I began what all of the staff told me was the process. I gave the check to C.O. Vanegas, who checked with Seargant Cortez, who communicated with Superintendent McCray. I handed the check to Vanegas at 9:30am, he said, "The superintendent said you have to sign it for them (Trust) to process it". I told him, "are you sure"? He said, "yes". I signed it and handed it over to go with the superintendent. Vanegas said, " The superintendent said she is personally going to take care of the check, but she wants the envelope it came in". I gave it to him.**

**ANSWER:** The allegation in paragraph 36 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 36 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

37. **Two weeks went by and my Trust Fund balance still said $0.00. On February 25, 2022 at 7:30am Director of Trust (Business)/ inmate welfare O'Brien, sent an email to Counselor Hinojosa, when she asked where was the money? O'Brien replied, "we cannot accept this check, we only accept cashier's checks up to $1,000. This check has been mailed back to his attorney Baker and Enright with instructions, how to send his funds". Four people called Director O'Brien, asking when did he send the check back? I saw the superintendent and asked her, I also asked another Director to inquire.**

**ANSWER:** The allegation in paragraph 37 is not directed at Defendant Sergeant Aaron Williams

and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 37 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**38. Director O'Brien did not answer anyone's inquiry as to when the check was sent back or if he sent it himself. There is no reply. Baker and Enright is not my attorney, they were the defendant's counsel, I was my own lawyer. The jail had me sign a check and mislead me, now the check is missing. By March 13, 2022 Baker and Enright still had not received the check and Director O'Brien responded to no one else's questions. The jail ended up mailing the check out March 10th or 11th 2022. Baker and Enright received the check back on March 15, 2022.**

**ANSWER:** The allegation in paragraph 38 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 38 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**39. On March 16, 2022 Patrick Vizino of Baker and Enright and I spoke over the phone, Patrick said, " what I find interesting is the envelope is post-marked March 11, 2022". On March 10, 2022 after waiting a full month, I told Patrick to have his client void the check and issue a new one. The jail monitors the calls, they waited until the check was voided to place it in the mail. The issuing party put a stop payment March 10 and superintendent McCray and/or Director O'Brien deposited it into the mail after that.**

**ANSWER:** The allegation in paragraph 39 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 39 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**40. They held the check for twenty-nine days before sending it back, but stated in an email February 25, 2022 "(this has been sent back)" as if it was already sent. I have a copy of the email by the Director (33 days to get back to sender). The defendants with held the check to negatively impact me financially and legally. My criminal defense has been delayed, and I am in the middle of Federal rulings/proceedings/filings that require payment of fees to proceed. I have to wait weeks for a new check to be issued. The defendants knowingly sabotaged causing me different forms of damages and delaying everything by at least two months. I do not have a criminal defense attorney at this time, due to insufficient funds.**

**ANSWER:** The allegation in paragraph 40 is not directed at Defendant Sergeant Aaron Williams

and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 40 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## Count 15

**41.** **In January of 2022 I asked my lawyer's secretary to send me legal information because the law library has repeatedly ignored requests. She sent me two envelopes marked 1 of 2 and 2 of 2 from the law firm. In mid-February I.A. Officer Rodriguez brought envelope 1 of 2 and opened it while his body cam was running. I asked him to please find and bring 2 of 2. It was never located or brought to me.**

**ANSWER:** The allegation in paragraph 41 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 41 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

**42.** **Two months have passed since it was mailed. Inside was case law pertaining to Judge Walsh's indiscretions, rulings by higher courts. People vs. Donald Jordan, People vs. James Gibson, People vs. Hood, and Kyle vs. Whitley (Discovery violation) were included. John Doe mailroom staff intercepted the legal mailing, blocking me from information, that the law library also won't provide. They're violating me, cutting every corner to keep me in the dark. John doe withheld my legal mail.**

**ANSWER:** The allegation in paragraph 42 is not directed at Defendant Sergeant Aaron Williams and therefore requires no response. If a response is required, Defendant states that the allegations contained in paragraph 42 of the Complaint have been dismissed pursuant to the Court's 1915 A Order entered on July 18, 2022.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Pleading in the alternative, and without prejudice to the denials in his Answer, Defendant Sergeant Aaron Williams asserts the following separate affirmative defenses to Plaintiff's Complaint (Dkt. 6.):

## I. Qualified Immunity

1. With respect to Plaintiff's claims, Defendant did not cause the deprivation of any constitutional rights of Plaintiff.

2. The conduct of Defendant was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

3. Accordingly, Defendant is entitled to the defense of qualified immunity.

## II. Failure to Exhaust -- 42 U.S.C. §1997e(a)

4. Plaintiff was at all relevant times and the date of filing, a pre-trial detainee. Under Section 1997e(a) of the Prisoner Litigation Reform Act, Plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

5. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

6. Plaintiff failed to properly exhaust his administrative remedies and therefore, his claims are barred.

## III. Failure to Mitigate

7. Without waiving his denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages.

8. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced by the amount by reason of said failure to mitigate.

## IV. 42 U.S.C. §1997e(e)

9. Plaintiff has requested compensatory damages but has not stated whether he seeks compensation for mental distress.

10. Section 1997e(e) of the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

11. Plaintiff cannot show physical injury and, as a result, under Section 1997e(e) of the PLRA cannot seek damages for alleged mental distress.

## V.     Immunity from Punitive Damages

12. To the extent Plaintiff seeks punitive damages from Defendant in his official capacity, Defendant asserts immunity from same.

13. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

14. Second, a municipality is immune from punitive damages under 42 U.S.C. §1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

15. Thus, Defendant is immune from punitive damages in his official capacity.

Defendant reserves the right to amend the affirmative defenses at any point throughout the course of discovery.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE, Defendant, Sheriff Dart, in his official capacity, respectfully requests that this Honorable Court enter an order: (a) dismissing Plaintiff's Complaint (Dkt. 6.) with prejudice;

(b) assessing costs against Plaintiff; and (c) providing such other and further relief that this Honorable Court deems necessary and appropriate.

                                                Respectfully submitted,

                                                KIMBERLY M. FOXX
                                                State's Attorney of Cook County

By:    */s/: Jorie Johnson*
        Jorie Johnson
        Joel Zeid
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-7930
        Jorie.johnson@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Jorie R. Johnson hereby certify that I have caused true and correct copies of ***Defendant Sergeant Aaron Williams Answer to Plaintiff's Complaint and Affirmative Defense*** and foregoing to be served on all Parties pursuant to ECF, in accordance with the rules of electronic filing of documents on June 13, 2023. I further certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served upon non ECF users via U. S. postal mail at the below address:

Christopher James Mansoori
Cook County Jail
2019-1007189
2700 South California Avenue
Chicago, IL 60608

                                                */s/ Jorie R. Johnson*
                                                 Jorie R. Johnson