**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Christopher Mansoori, | ) | |
| | ) | |
| Plaintiff, | ) | 22 C 1635 |
| | ) | |
| v. | ) | Judge Lindsay C. Jenkins |
| | ) | |
| Sergeant Williams, | ) | Magistrate Jeffery T. Gilbert |
| | ) | |
| Defendant. | ) | |

<u>**JOINT STATUS REPORT**</u>

The Plaintiff, Christopher Mansoori ("Plaintiff"), both Pro Se and through his attorney, George C. Pontikes and Defendant, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her respective Assistant State's Attorney's, Jorie R. Johnson, Joel Zeid, and in compliance with the Court's order (Dkt. 34.) submit the following Joint Status Report regarding Status with Discovery:

<u>**Executive Summary**</u>

Defendants believe Plaintiff's pending cases can be grouped together in four categories, discussed more fully below, for the purpose of Status on Discovery:

A) Three Cases with Defendants who are awaiting service or have not yet been served

B) Three Cases where Motions to Dismiss were recently ruled on by the Court, or where a Motion to Dismiss was recently filed.

C) Five cases proceeding with exhaustion-based discovery because Defendants have raised the affirmative defense that Plaintiff failed to exhaust administrative remedies prior to filing suit.

D) Three cases are proceeding with merits-based discovery.

**A. Cases Currently Awaiting Service on Defendants or Recently Served Defendants.**

The Parties have identified the following three cases below, where currently Plaintiff has either recently served named Defendant(s) or a Defendant is awaiting service. As such, the Parties respectfully request that discovery schedules be set for cases with newly served Defendants after they have had the opportunity to respond to the operative Compliant.

| Case name | Case Number | Defendants | Status of Service |
|---|---|---|---|
| Christopher Mansoori v. C.O. Smith | 2021- CV- 6242 | C.O. Haddad and C.O. D. Smith | All Currently named Defendants have waived Service as of July 19, 2023. |
| Christopher Mansoori v. Sheriff Dart, et al. | 2022-CV-1638 | Defendant Sheriff Dart and Alesia Hines | All Currently named Defendants have waived Service as of August 7, 2023. |
| Christopher Mansoori v. Stadnicki | 2022 -CV- 1632 | Christopher Stadnicki Kirsten Bain | There is still no Service on Defendant Kirsten Bain |

**2021-CV-6242**
**Christopher Mansoori v. C.O. Smith**

1. This is an excessive force case where Plaintiff alleges that Officers D. Smith and Haddad used excessive force against him on November 15, 2019.

2. Defendants C.O. Denzel Smith and Sergeant Ramzey Haddad were recently executed waivers of service on served on July 19, 2023 in this case. Defendants have until September 18, 2023 to either answer or otherwise plead.

3. The Parties propose the below following the discovery schedule be entered after the pleading deadline of Defendants:

| Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|
| October 2, 2023 | June 3, 2024 | Premature at this time | Premature at this time |

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert

discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

5. The Parties propose dispositive motions deadlines be set at a later date, if necessary.

6. The Parties at this time agree that it is premature to identify potential witnesses.

7. The Parties propose that they file a joint status report on their progress with written and/or any oral discovery by December 11, 2023.

## 2022-CV-1638
## Christopher Mansoori v. Sheriff Dart

1. This is a delay medical care case where Plaintiff alleges, he was exposed to Covid-19 and left without medical treatment.

2. Sheriff Dart was formerly a nominal Defendant and named as a Defendant on April 5, 2023. Defendant Sheriff Dart filed an answer on July 3, 2023. Defendant Nurse Alesia Hine recently agreed to waive service on August 7, 2023. Defendant has until October 6, 2023 to either answer or otherwise plead.

3. Defendant Alesia Hines is also currently obtaining new Counsel and is in the process of transferring her representation to her new Counsel. The Defendant's new representation will need time to become apprised of this matter and may file a supplemental status report requesting additional time for discovery.

4. The Parties propose the below following the discovery schedule be entered after the pleading deadline of Defendant Alesia Hines:

| Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|
| October 16, 2023 | May 17, 2024 | Premature at this time | Premature at this time |

5. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

6. The Parties propose dispositive motions deadlines be set at a later date, if necessary.

7. The Parties at this time agree that it is premature to identify potential witnesses.

8. The Parties propose that they file a joint status report on their progress with written and/or any oral discovery by November 10, 2023.

**2022-CV-1632**
**Christopher Mansoori v. Christopher Stadnicki, et al.**

1. This is a delay in medical care case, where Plaintiff alleges a six-week delay in treating broken hand, causing injury and pain.

2. Defendant Christopher Stadnicki answered on July 3, 2023. Nurse Kirsten Bain has not yet been served in this matter. U.S. Marshalls are still attempting to serve this Defendant.

| Date to Issue Written Discovery | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|
| September 1, 2023 | May 1, 2024 | Premature at this time | Premature at this time |

3. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

4. The Parties propose dispositive motions deadlines be set at a later date, if necessary.

5. The Parties at this time agree that it is premature to identify potential witnesses.

6. The Parties propose that they file a joint status report on their progress with written and/or any oral discovery by December 11, 2023.

    B. **Cases Currently Pending Before the Court, Where Motions to Dismiss Were Recently Ruled on by The Court or Were Motions to Dismiss Were Recently Filed.**

The Parties have identified the following three cases below, where currently a fully briefed Motion to Dismiss was ruled on by the Court or Defendants recently filed a Motion to Dismiss.

| Case name | Case Number | Status of Motion to Dismiss |
|---|---|---|
| Christopher Mansoori v. Sergeant Aaron Williams | 2021- CV- 1635 | Motion to Dismiss was denied by the Court on May 20, 2023. |

| Christopher Mansoori v. Christopher Stadnicki, PA- C | 2022-CV-2471 | Motion to Dismiss was denied by the Court on June 8, 2023. |
|---|---|---|
| Christopher Mansoori v. Ms. Pickens and Ms. Vanco | 2022 -CV- 3485 | Defendants Motion to Dismiss was granted by the Court on April 6, 2023. Plaintiff was given leave to file a Second Amended Complaint, which was filed, July 3, 2023. Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint on August 4, 2023. |

**2022-CV-1635**
**Christopher Mansoori v. Sergeant Aaron Williams**

1. This is a retaliation case where Plaintiff alleges frequent tampering with legal mail and intimidation by Sergeant Aaron Williams in retaliation for reporting the tampering previously to upper authorities.

2. Defendant filed an answer on June 13, 2023 to Plaintiff's Amended Complaint. Defendant is currently obtaining new Counsel and is in the process of transferring his representation to his new Counsel. Defendants 'new representation will need time to become apprised of this matter and may file a supplemental status report requesting additional time for discovery.

3. The below discovery schedule was previously entered in March 2023:

| **Written Discovery Issued** | **Have Disovery Responses Been Received?** | **Date for Close of Fact Discovery** | **Potential Plaintiff Witnesses** | **Potential Defendant Witnesses** |
|---|---|---|---|---|
| April 5, 2023 | Both Parties have responded to propounded Written Discovery. There is outstanding responses to Plaintiff's Request for production | December 7, 2023 | Sgt. Dabrowski Plaintiff Defendant | Plaintiff Defendant Ofc. M. Miskell Sgt. Dabrowski Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) |

| | | | | |
|---|---|---|---|---|
| | due, but it was agreed by the parties due to the change in counsel to allow for new counsel to respond to the requests for production. | | | Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

5. The Plaintiff would like to request from the Court if he could instead of taking oral deposition testimony with a Court reporter, request to take written deposition testimony of witnesses. Defendants do object and would be happy to further explain to the Court at an in person/zoom status hearing regarding this matter.

6. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

8. The Parties propose dispositive motions deadlines be set at a later date, if necessary.

9. The Parties propose that they file a joint status report on their progress with any written or oral discovery by October 20, 2023.

### 2022-CV-2471
### Christopher Mansoori v. Christopher Stadnicki, PA-C

1. This is an unreasonable medical care case where Plaintiff alleges failure to provide a proper diet during his incarceration, causing a broken finger. Plaintiff alleges the time period to have occurred from September 21, 2016 to February 15, 2018.

2. The Court recently denied Defendants' Motion to Dismiss on June 8, 2023.

3. Defendant PA Christopher Stadnicki filed an answer on July 3, 2023 to Plaintiff's Amended Complaint.

4. The below discovery schedule was previously entered in March 2023:

| **Written Discovery Issued** | **Have Discovery Responses Been Received?** | **Date for Close of Fact Discovery** | **Potential Plaintiff Witnesses** | **Potential Defendant Witnesses** |
|---|---|---|---|---|
| April 5, 2023 | Defendants have responded to propounded Written Discovery. Plaintiff has not yet responded to written Discovery. 4 extensions of time have been given Discovery is due August 11, 2023. At 37.2 Conference held on August 3, 2023, if not responses are tendered by Plaintiff, Defendants will proceed with a Motion to Compel. | December 7, 2023 | Orthopedic Doctor ( name unknown at this time) Plaintiff Defendant. | Plaintiff Defendant Dr. Luke Kopulos, MD Elamma Chollampel, CNP Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

5. Plaintiff has indicated that he may be sending Defendant another request for production for an x-ray but has yet to provide this request as of Today's date of filing.

6. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

7. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

8. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

9. The Parties propose dispositive motions deadlines be set at a later date, if necessary.

10. The Parties propose that they file a joint status report on their progress with any written or oral discovery by October 20, 2023.

### 2022-CV-3835
### Christopher Mansoori v. Ms. Pickens and Ms. Vanco

1. This is an access to court case where Plaintiff alleges, he was denied access to law library, causing damage to an appeal he was proceeding with in court in December of 2017.

2. The Court recently granted Defendants' Motion to Dismiss on April 6, 2023, and allowed Plaintiff to filed a Second Amended Complaint. Plaintiff filed his Second Amended Complaint on July 5, 2023.

3. Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint on August 4, 2023.

4. Defendant Ms. Pickens is currently obtaining new Counsel and is in the process of transferring her representation to her new Counsel. Defendant Picken's new representation will need time to become apprised of this matter and may file a supplemental status report requesting additional time for discovery.

5. The below discovery schedule was previously entered in March 2023:

| Written Discovery Issued | Have Disovery Responses Been Received? | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|
| April 5, 2023 | The Parties agreed to pause discovery until Plaintiff filed his Amended Complaint and Defendants filed a Responsive Pleading. The Parties propose responses to previously propounded written | December 7, 2023 | Plaintiff, Defendants. | Defendants Patterson Dean Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) |

| | discovery be due by September 8, 2023. | | | |
|---|---|---|---|---|

6. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

7. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

8. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

9. The Parties propose dispositive motions deadlines be set at a later date, if necessary.

10. The Parties propose that they file a joint status report on their progress with any written or oral discovery by October 20, 2023.

## C.  **Cases Regarding Plaintiff's Failure to Exhaust his Administrative Remedies**

Defendants identified the below five cases where Plaintiff failed to exhaust his administrative remedies. As such, Defendants proceeded with discovery for the limited purpose on the issue of exhaustion in these cases prior to any discovery taken for any issues on the merits.

| **Case name** | **Case Number** | **Defendant(s)** |
|---|---|---|
| Christopher Mansoori v.  Correctional Officer Squires, et al. | 2021-CV-5881 | Correctional Officer Kimberly Squires, Lieutenant James Holmes, Lieutenant Damita Delitz, Correctional Officer William Mintah, and Assistant Executive Director Erica Queen |
| Christopher Mansoori v. Jovante Thomas ("JT") | 2022-CV-1634 | Jovante Thomas ("JT") |
| Christopher Mansoori v.  Correctional Officer Larkin | 2022-CV-2469 | Correctional Officer Larkin |
| Christopher Mansoori v. Dr. Montgomery | 2022-CV-2470 | Dr. Montgomery |

| Christopher Mansoori v. Correctional Officer Patel | 2022- CV- 3484 | Correctional Officer Patel |
| --- | --- | --- |

**<u>2021-CV-5881</u>**
**<u>Christopher Mansoori v. C.O. Kimberly Squires, et. al.</u>**

1. This is a conditions of confinement case where Plaintiff alleges lack of access to recreation, sunlight, and fresh air from the time of December 2019 through June 2021 against Defendants Correctional Officer Kimberly Squires, Lieutenant James Holmes, Lieutenant Damita Delitz, Correctional Officer William Mintah, and Assistant Executive Director Erica Queen.

2. Defendant Officer Kimberly Squires is currently obtaining new Counsel and is in the process of transferring her representation to her new Counsel. Defendant Squires's new representation will need time to become apprised of this matter and may file a supplemental status report requesting additional time for discovery.

3. The below discovery schedule was previously entered in March 2023 and Amended in July 2023:

| **<u>Written Discovery Issued</u>** | **<u>Have Disovery Responses Been Received?</u>** | **<u>Date for Close of Fact Discovery</u>** | **<u>Potential Plaintiff Witnesses</u>** | **<u>Potential Defendant Witnesses</u>** |
| --- | --- | --- | --- | --- |
| March 16, 2023 | Both Parties have responded to propounded Written Discovery | September 15, 2023 | Plaintiff Defendants Sergeants Danbroski C.O Miklas (spelling might be incorrect). | Plaintiff Defendants Cook County Sheriff's Office Correctional Lieutenants who Reviewed Recreation Grievances. Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when |

| | | | | more discovery is completed) |
|---|---|---|---|---|
| | | | | |

4. The Parties are currently setting up depositions in this matter. The Plaintiff would like to request from the Court if he could instead of taking oral deposition testimony with a Court reporter, request to take written deposition testimony of witnesses. Defendants do object and would be happy to further explain to the Court at an in person/zoom status hearing regarding this matter.

5. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

6. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

8. The Parties still request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

## 2022-CV-1634
## Christopher Mansoori v. Jovante Thomas ("J.T.")

1. This is a conditions of confinement case where Plaintiff alleges, he was subjected to living with mice and roaches during December of 2021.

2. The below discovery schedule was previously entered in March 2023 and Amended in July 2023:

| Written Discovery Issued | Have Disovery Responses Been Received? | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|
| March 16, 2023 | Both Parties have responded to propounded Written Discovery | September 15, 2023 | Plaintiff Defendant C.O. Barbossa; C.O. Pena; C.O. Wood; Sergeant Day; C.O. Lofton; C.O. Berry; | laintiff Defendant Correctional Officers and Sheriff's Staff Members ( to be identified when more |

| | | | Sergeant Campos; Inmate Rayqwan Alexander; Inmate Theo Sexton; Inmate Thomas Harris; Inmate Brandon Morris. | discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |
|---|---|---|---|---|

3. The Parties are currently setting up depositions in this matter. The Plaintiff would like to request from the Court if he could instead of taking oral deposition testimony with a Court reporter, request to take written deposition testimony of witnesses. Defendants do object and would be happy to further explain to the Court at an in person/zoom status hearing regarding this matter.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

6. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7. The Parties still request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

### 2022-CV-2469
### Christopher Mansoori v. C.O. Larkin, et. al.

1. This is a conditions of confinement case. Plaintiff alleges destruction of belongings in cell, including contact lenses on December 24, 2016.

2. The below discovery schedule was previously entered in March 2023 and Amended in July 2023:

| Written Discovery Issued | Have Disovery Responses | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|

| | **Been Received?** | | | |
|---|---|---|---|---|
| March 16, 2023 | Defendants have responded to propounded Written Discovery. Plaintiff has not yet responded to written Discovery. 4 extensions of time have been given Discovery is due August 11, 2023. At 37.2 Conference held on August 3, 2023, if not responses are tendered by Plaintiff, Defendants will proceed with a Motion to Compel. | August 31, 2023 | Plaintiff Defendant Unknown Inmate witnesses | Plaintiff Defendant Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

3. Defendants have set Plaintiff's deposition on the issue of exhaustion for August 29, 2023.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

6. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7. The Parties still request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right

to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

### 2022-CV-2470
### Christopher Mansoori v. Dr. Montgomery, et. al.

1. This is an unreasonable medical care case where Plaintiff alleges Defendant Dr. Montgomery's failure to provide dental care caused tooth decay and pain while he was incarcerated been the dates of June 30, 2017 until February 15, 2018.

2. The below discovery schedule was previously entered in March 2023 and Amended in July 2023:

| Written Discovery Issued | Have Disovery Responses Been Received? | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|
| March 16, 2023 | Defendants have responded to propounded Written Discovery. Plaintiff has not yet responded to written Discovery. 4 extensions of time have been given Discovery is due August 11, 2023. At 37.2 Conference held on August 3, 2023, if not responses are tendered by Plaintiff, Defendants will proceed with a Motion to Compel. | August 31, 2023 | Plaintiff Defendant Unknown Inmate witnesses | Plaintiff Defendant Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when more discovery is completed) |

3. Defendants have set Plaintiff's deposition on the issue of exhaustion for August 29, 2023.

4. Plaintiff has indicated that he may be sending Defendant another request for production for x-rays of his teeth but has yet to provide this request as of today's date of filing

5. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

6. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

8. The Parties still request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

**<u>2022-CV-3484</u>**
**<u>Christopher Mansoori v. C.O. Patel</u>**

1. This is a conditions of confinement case, where Plaintiff alleges being placed in isolation without cause and Defendant allowing an inmate to spray Plaintiff with piss and chemicals between the timeframe of February 21, 2016 and February 28, 2016.

2. The below discovery schedule was previously entered in March 2023 and Amended in July 2023:

| <u>Written Discovery Issued</u> | <u>Have Disovery Responses Been Received?</u> | <u>Date for Close of Fact Discovery</u> | <u>Potential Plaintiff Witnesses</u> | <u>Potential Defendant Witnesses</u> |
|---|---|---|---|---|
| March 16, 2023 | Defendants have responded to propounded Written Discovery. Plaintiff has not yet responded to written Discovery. 4 extensions of time have | August 31, 2023 | Plaintiff Defendant Unknown Inmate witnesses | Plaintiff Defendant Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Cook County Medical personnel ( to be identified when |

| | been given Discovery is due August 11, 2023. At 37.2 Conference held on August 3, 2023, if not responses are tendered by Plaintiff, Defendants will proceed with a Motion to Compel. | | | more discovery is completed) |
|---|---|---|---|---|

3. Defendants have set Plaintiff's deposition on the issue of exhaustion for August 29, 2023.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter.

5. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

6. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7. The Parties still request at the end of the close of fact discovery on the limited issue of exhaustion to submit to the court a proposed briefing schedule on the Motions for Summary Judgment on the limited issue of Exhaustion of Administrative Remedies and reserve the right to submit a supplemental discovery schedule regarding discovery on the merits, should one be required.

**D.**     **<u>Cases that Proceeded with a Regular Discovery Schedule.</u>**

The Parties identified the below three cases where discovery proceeded with a normal discovery schedule.

| **<u>Case name</u>** | **<u>Case Number</u>** |
|---|---|
| Christopher Mansoori v. Director Morrison | 2021-CV-6173 |
| Christopher Mansoori v. Mellicent Ear ( "Ms. Milly) | 2021-CV-6379 |

| Christopher Mansoori<br>v. Sergeant Amador, et. al. | 2022-CV-1642 |
|---|---|

### 2021-CV-6173
### Christopher Mansoori v. Director James Morrison

1. This is a conditions of confinement case where Plaintiff alleges, he was subjected to extremely cold temperatures from November 7, 2019 through February 12, 2021.

2. The below discovery schedule was previously entered in March 2023:

3.

| Written Discovery Issued | Have Disovery Responses Been Received? | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|
| March 16, 2023 | Both Parties have responded to propounded Written Discovery | November 2 , 2023 | Plaintiff Defendant C.O. Dominquez; C.O.Martinez; C.O. Smajic; C.O Flores; C.O.Lopez; C.O. Squires; Inmate Hector Avalos; Inmate Troach; Inmate Jeremiah Moore. | Plaintiff Defendant Facilities Worker Pechota Facilities Worker M. McGinnis Unknown Correctional Officers and Sheriff's Staff Members ( to be identified when more discovery is completed) Unknown Facilities Staff Members ( to be identified when more discovery is completed) |

4. The Parties are currently setting up depositions in this matter. The Plaintiff would like to request from the Court if he could instead of taking oral deposition testimony with a Court reporter, request to take written deposition testimony of witnesses. Defendants do object and would be happy to further explain to the Court at an in person/zoom status hearing regarding this matter.

5. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert

discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

6. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

8. The Parties propose dispositive motions deadlines be set at a later date, if necessary.

9. The Parties propose that they file a joint status report on their progress with written and/or any oral discovery by October 5, 2023.

<u>**2021-CV-6379**</u>
<u>**Christopher Mansoori v. Mellicent Ear ("Ms. Milly")**</u>

1. This is an access to courts and retaliation case where Plaintiff alleges Librarian Mellicent Ear failed to provide him with reasonable access to the Jail library to do legal research. Plaintiff further claims that the Defendant Ms. Ear then retaliated against him for suing other librarians during the time period of October 31, 2019  through March 2022.

2. The below discovery schedule was previously entered in March 2023:

| <u>**Written Discovery Issued**</u> | <u>**Have Disovery Responses Been Received?**</u> | <u>**Date for Close of Fact Discovery**</u> | <u>**Potential Plaintiff Witnesses**</u> | <u>**Potential Defendant Witnesses**</u> |
|---|---|---|---|---|
| March 16, 2023 | Both Parties have responded to propounded Written Discovery | November 2 , 2023 | Plaintiff; Defendant; Sergeant Day; C.O. Molina Carrera; C.O. Lopez; C.O. Fisher; Sergeant Bozeman; Sergeant Peck; C.O. K. Squires; C. O. Reed; Greg Bogacz (inmate) | Plaintiff Defendant Patterson Dean Unknown Correctional Officers and Sheriff's Staff Members  ( to be identified when more discovery is completed) |

3. The Parties are currently setting up depositions in this matter. The Plaintiff would like to request from the Court if he could instead of taking oral deposition testimony with a Court reporter, request to take written deposition testimony of witnesses. Defendants do object

and would be happy to further explain to the Court at an in person/zoom status hearing regarding this matter.

4. At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

5. The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

6. The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7. The Parties propose dispositive motions deadlines be set at a later date, if necessary.

8. The Parties propose that they file a joint status report on their progress with written and/or any oral discovery by October 5, 2023.

## 2022-CV-1642
## Christopher Mansoori v. Sergeant Amador, et. al.

1. This is a conditions of confinement case where Plaintiff alleges inhalation of drugs, chemicals, toxic smells, and secondhand smoke while incarcerated between the dates of December 2020 – February 2022 against Defendants Assistant Executive Director Erica Queen , Executive Director Don Beachem, Superintendent Kia McCray, Lieutenant James Holmes, and Sergeant Antonio Amador.

2. Plaintiff recently named Defendant Cook County as a nominal Defendant to name an unidentified Nurse. Cook County still remains unserved.

3. The below discovery schedule was previously entered in March 2023:

| Written Discovery Issued | Have Disovery Responses Been Received? | Date for Close of Fact Discovery | Potential Plaintiff Witnesses | Potential Defendant Witnesses |
|---|---|---|---|---|
| March 16, 2023 | Both Parties have responded to propounded Written Discovery | November 2 , 2023 | Plaintiff Defendants C.O. Toscano; C.O. Serna; C. O. Smajic; C.O Schultz; C.O. Espinoza; Sergeant Binkowski; C.O. Miskell; | Plaintiff Defendants Correctional Officers and Sheriff's Staff Members  ( to be identified when more discovery is completed) Unknown Cook County Medical |

| | | | Inmate Brandon Morris; C.O. Mikolas; C.O. Abbelhadi; Nurse Hines; Inmate Antoine Pierce; Inmate Rayqwan Alexander; Inmate Jerome Stokes; Nurse Kingson | personnel ( to be identified when more discovery is completed) |
|---|---|---|---|---|

4.  The Parties are currently setting up depositions in this matter. The Plaintiff would like to request from the Court if he could instead of taking oral deposition testimony with a Court reporter, request to take written deposition testimony of witnesses. Defendants do object and would be happy to further explain to the Court at an in person/zoom status hearing regarding this matter.

5.  At this time neither party anticipates disclosing Rule 26(a)(2) experts but reserves the right to amend this schedule at the close of fact discovery if it is determined by either party that expert discovery will be needed for this matter. Expert discovery schedule to be set after the close of fact discovery, if necessary.

6.  The Plaintiff reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

7.  The Defendants reserves the right to amend this list of witnesses if more are found through the discovery process of this case.

8.  The Parties propose dispositive motions deadlines be set at a later date, if necessary.

9.  The Parties propose that they file a joint status report on their progress with written and/or any oral discovery by October 5, 2023.

Respectfully submitted,

*/s/ Jorie R. Johnson*
Jorie R. Johnson
Joel Zeid
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
Jorie.Johnson@cookcountyil.gov

*/s/ George C. Pontikes*
George C. Pontikes
George C. Pontikes & Associates, P. C
180 W. Washington Street,
#400
Chicago, Illinois 60602
Tel: (312) 220-0022
Georgepontikes@gmail.com

## CERTIFICATE OF SERVICE

I, Jorie R. Johnson hereby certify that I have caused true and correct copies of ***Joint Status Report*** and foregoing to be served on all Parties pursuant to ECF and in accordance with the rules of electronic filing of documents a copy was mailed via U.S. Mail on this 11th day of August, 2023.

To:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

*/s/ Jorie R. Johnson*
Jorie R. Johnson