IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori<br><br>Plaintiff<br><br>v.<br><br>Sergeant Williams<br><br>Defendant | Case No.: 22-CV-1635<br>Honorable Lindsay C. Jenkins<br>Magistrate Jeffrey T. Gilbert |

FILED
AUG 18 2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S REPLY TO DEFENDANT SERGEANT WILLIAMS'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Plaintiff, Christopher Mansoori, pro se, and hereby replies to Defendant Sergeant Williams's Answer to Plaintiff's complaint, pursuant to Federal Rules of Civil Procedure, Rule 7(a)(7), as follows:

### I. The Defendant is not entitled to Qualified Immunity as An Affirmative Defense

1. The defendant knowingly withheld legal mail from Plaintiff and fraudulently marked "not on tier" in the legal mail logbook to deprive Plaintiff his mail. This deprived or violated Plaintiff's 1st Amendment constitutional right.

1 of 4

2. The defendant willfully intimidated Plaintiff for the contents of the legal mail defendant withheld, as it is articulated in the complaint and Plaintiff's response to defendant's Motion to Dismiss.

3. This conduct was objectively unreasonable and committed knowingly. The defendant is not entitled to Qualified Immunity.

## II. Plaintiff exhausted the Administrative Process Pursuant to 42 U.S.C. §1997e(a)

4. The Plaintiff grieved each issue, appealed when/where possible, each response, and further appealed to IDOC Jail and Detention Standards Unit, in Springfield Illinois, prior to the lawsuit being filed.

5. Therefore, the Plaintiff exhausted the administrative process and the defendant's claim of "failure to exhaust" as an affirmative defense is non-applicable.

## III. Plaintiff Acted Reasonably to Mitigate Damages

6. Plaintiff communicated with Defendant and other Jail staff to inquire about the location of his mail.

7. Plaintiff spoke with his lawyer and his secretary about the mail and they inquired with the post office about the same.

8. Plaintiff did not become entrapped in Defendant's and Jail staff's attempt to include him in the physical altercation in his cell.

9. Plaintiff communicated with Defendant reasonably prior to the intimidation incident to persuade defendant not to move his cellmate Jeron Stokes.

10. Plaintiff attempted or did leave the cell to avoid any altercation, threat, or intimidation. Plaintiff was ordered back into the cell by Sgt. Amador as the physical occurrence continued.

11. Therefore, Plaintiff did attempt to mitigate his damages and "failure to mitigate" is not an applicable affirmative defense.

## Jury Demand

Plaintiff respectfully requests a trial by jury.

Wherefore, Plaintiff respectfully requests this Honorable Court to deny any relief defense seeks.

Respectfully Submitted,
Christopher Mansoori

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Christopher Mansoori 8-3-23
Christopher Mansoori 20191007189
2700 S. California
Chicago IL 60608

3 of 4

## Certificate of Service

I, Christopher Mansoori, swear under penalty of perjury, that I filed Plaintiff's Reply to Defendant Sergeant Williams's Answer to Plaintiff's Complaint, with the Clerk of the United States District Court, by handing the document in an envelope with proper postage, to Jail staff, for outgoing mail, addressed to: Prisoner Correspondence, 219 S. Dearborn Street, Chicago, IL 60604. I simultaneously sent a copy to defense counsel, addressed to: Jorie Johnson, Assistant State's Attorney's office, 50 W. Washington Chicago IL 60602, with proper postage, via the U.S.P.S., both mailings given to Jail staff on 8/14/23 for outgoing mail.

Christopher Mansoori
20191007149
2700 S. California
Chicago IL 60608