**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Christopher Mansoori, | ) | |
| | ) | |
| Plaintiff, | ) | 22-CV-1635 |
| | ) | |
| vs. | ) | Judge Lindsay C. Jenkins |
| | ) | Magistrate Jeffrey T. Gilbert |
| Sergeant Aaron Williams | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SGT. AARON WILLIAMS'S ANSWER TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Defendant, Sgt. Aaron Williams, by his attorney KIMBERLY M. FOXX, State's

Attorney of Cook County, through her Assistant State's Attorney's, Jorie Johnson and Joel Zeid,

and answers Plaintiff's First Set of Interrogatories as follows:

1.      What do you have to say about the claims made against you?

**ANSWER:** Defendant objects to this interrogatory as argumentative in tone ("What do you have

to say about the claims made against you?"). Defendant further objects to the extent that this

interrogatory is better suited for another form of discovery, such as a deposition where a more full

and complete answer can be provided to this question. Without waiving said objections, Defendant

denies any wrongdoing as alleged in Plaintiff's claims against her. Defendant explicitly denies all

allegations of illegal or unlawful conduct as described in Plaintiff's Complaint. At all times

relevant to this lawsuit, Defendant acted in accordance with the policies and procedures of the

Cook County Department of Corrections.

2.      Why did you mark "not on tier" for plaintiff's legal mail, when he hadn't left the deck at that time?

**ANSWER:** Defendant responds that he doesn't not specifically remember the date in which Plaintiff alleges in his complaint that he allegedly marked "Plaintiff was not on tier" to collect his legal mail. Defendant further responds that it is his normal habit to follow Cook County Department of Corrections policies and procedures regarding legal mail distribution on a tier to individuals in custody. Defendant states that if an Individual in custody is not present on the tier when legal mail is being distributed, then it is his normal habit to note that observation in the legal mail log.

3.      Why did you foretell a classification move of plaintiff's cellmate on 6/1/21? Do you have a sociable relationship with classification? Did you call classification to move the inmate from tier I2 to M2? Did plaintiff's cellmate, Jeron Stokes, take the place of the unknown inmate you hauled into cell 205, on tier I2? Why was plaintiff's cell chosen of all locations?

**ANSWER:** Defendant objects to this interrogatory as argumentative in tone in the use of ("Why did you foretell a classification move,  Do you have a sociable relationship with classification? Did you call classification to move the inmate; Why was plaintiff's cell chosen of all locations"). Without waiving said objection, Defendant responds that he is not in charge of classification of individuals in custody at the Cook County Department of Corrections and does not decide on where they will be housed while they are detained at Cook County Department of Corrections. Defendant further states that he did not move any inmate by the name of Jeron Stokes onto any tier or into any cell as he is not on the classification's unit of the Cook County Department of Corrections.

4.      Did the unknown inmate disrespect a female staff you knew? Were you angry he had allegedly done that?

**ANSWER:** Defendant responds that no, he does not recall the incident that Plaintiff is illuding to in this interrogatory. Defendant further states that he is also unable to answer Plaintiff's interrogatories fully as he does not know what inmate or staff member Plaintiff is referring to but invites Plaintiff to further clarify this interrogatory in order for Defendant to provide a complete Answer.

5.      Is there a reason you ordered plaintiff against the back wall of the cell and placed the cuffed inmates face at plaintiff's feet?

**ANSWER:** Defendant responds that he denies any wrongdoing as alleged in Plaintiff's claims against him. Defendant explicitly denies all allegations of illegal or unlawful conduct as described in Plaintiff's Complaint. At all times relevant to this lawsuit, Defendant acted in accordance with the policies and procedures of the Cook County Department of Corrections. Defendant further responds that  no, he does not recall ever ordering Plaintiff at any time to go against the back wall of a cell and then placing a cuffed inmates face at Plaintiff's feet.

6.   Is there a reason you stood over that inmate and orchestrated a beating in cell 205 of M2?

**ANSWER:** Defendant objects to this interrogatory as argumentative in tone in the use of language ("Is there a reason you stood over that inmate and orchestrated a beating in cell 205 of M2"). Defendant further objects to the extent that this interrogatory is better suited for another form of discovery, such as a deposition where a more full and complete answer can be provided to this question. Without waiving said objections, Defendant denies any wrongdoing as alleged in Plaintiff's claims against him. Defendant explicitly denies all allegations of illegal or unlawful conduct as described in Plaintiff's Complaint. At all times relevant to this lawsuit, Defendant acted

in accordance with the policies and procedures of the Cook County Department of Corrections. Defendant further states that no, he never orchestrated a beating in cell 205 of M2, while standing over a detainee. Defendant has never orchestrated any beating of any detainee while being employed at the Cook County Department of Corrections and would never conduct such an act against any detainee.

      7.     Are there any cameras on the bottom deck of tier M2? Is cell 205 of M2 a corner cell? Under the stairs? Off of any camera?

**ANSWER:** Defendant objects to this interrogatory as compound in its form. Without waiving said objection, Defendant states that he is not aware of where all the cameras are located on Division 4 tier M2 as they have changed over time.

      8.     Is there a reason you looked at plaintiff when you said, "You're going to get that lawsuit you've been looking for," while the unknown inmate was getting punched up?

**ANSWER:** Defendant objects to this interrogatory as argumentative in tone. Defendant further objects to the extent that this interrogatory is better suited for another form of discovery, such as a deposition where a more full and complete answer can be provided to this question. Without waiving said objections, Defendant denies any wrongdoing as alleged in Plaintiff's claims against her. Defendant explicitly denies all allegations of illegal or unlawful conduct as described in Plaintiff's Complaint. At all times relevant to this lawsuit, Defendant acted in accordance with the policies and procedures of the Cook County Department of Corrections. Defendant further states that he does not recall speaking or stating to Plaintiff, "You're going to get that lawsuit you've been looking for". Defendant also states that it would not be in his normal character or habit to make such a statement as described in this interrogatory. Defendant states that they he does not ever recall any detainee "getting punched up" in his presence or due to his orders by CCSO staff members.

9. Are you aware of Federal Law and the rulings that define your authority and it's extent? Were you educated at any point in time of detainee's rights?

**ANSWER:** Defendant objects to this as it calls for a legal conclusion and is vague as to the term " Federal law". Without waiving said objections Defendant responds that as an employee of the Cook County Sheriff's Office Department of Corrections he abides by all trainings, guidelines, policies, and procedures as set forth and outlined in his job description and by the Cook County Sheriff's Office. Defendant further states that all trainings, guidelines, policies, and procedures set forth and outlined in his job description and by the Cook County Sheriff's Office are in compliance with local, state, and federal laws.

10. Can you explain your knowledge and experience with tier M2 of Division 4 with smoking and drugs? Can you explain from your knowledge how much smoke was in the air and how much drug activity seemed apparent from 5/21/21 through 6/21/21? What did you see or what did you know that allowed you to infer as such? How many inmates did you see need medical attention after smoking drugs on tier M2? In Division 4 in general?

**ANSWER:** Defendant objects to this interrogatory as it is compound in its form. Defendant further objects to the extent that this interrogatory is better suited for another form of discovery, such as a deposition where a more full and complete answer can be provided to this question. Defendant objects as this interrogatory is not proportional to needs of this case and will not likely lead to admissible evidence regarding claims in this case. Plaintiff's claims in this matter regarding the Defendant deal with retaliation based on the alleged "beating of another detainee". There are no claims in this case against Defendant regarding smoking, drugs, or smoke in the air, this interrogatory is not relevant to the case at hand. Without waiving said objections, Defendant explicitly denies all allegations of illegal or unlawful conduct as described in Plaintiff's

Complaint. At all times relevant to this lawsuit, Defendant acted in accordance with the policies and procedures of the Cook County Department of Corrections. Defendant further states that he was aware that there were incidents in the CCDOC in which detainees unlawfully tried to smoke various substances or tried to start fires (light "wicks") using contraband. Defendant explicitly denies allowing detainees to violate CCDOC rules and state law by smoking or lighting fires in any Division at any time and denies encouraging or condoning such conduct. Defendant denies any wrongdoing as alleged in Plaintiff's claims against him. At all times relevant to this lawsuit, Defendant acted in accordance with the policies and procedures of the Cook County Department of Corrections. Defendant states during his time as a Sergeant on Division 4, detainees in the Cook County Department of Corrections would frequently light "wicks" using any available material, in violation of facility rules. Defendant further states that all wicks were confiscated and disposed of, pursuant to Cook County Department of Corrections policies and procedures when seen or found by him, or Cook County Sheriff's Staff members.

11.     Can you describe how much smoke used to be in the air of tier J1 of Division 4 in January and February of 2021? When you walked onto the tier?

**ANSWER:** Defendant objects to this interrogatory as it is compound in its form. Defendant further objects to the extent that this interrogatory is better suited for another form of discovery, such as a deposition where a more full and complete answer can be provided to this question. Defendant objects as this interrogatory is not proportional to needs of this case and will not likely lead to admissible evidence regarding claims in this case. Plaintiff's claims in this matter regarding the Defendant deal with retaliation based on the alleged "beating of another detainee". There are no claims in this case against Defendant regarding smoke in the air, this interrogatory is not relevant to the case at hand. Without waiving said objections, Defendant states he does not remember any

specific incident in Division 4 tier J1 where he walked on tier and saw a " cloud" of smoke on the tier.

12.     Describe in general the environment in Cook County Jail while you supervised tiers or Divisions confining inmates, related to wicks, drugs, and smoking (smoke).

**ANSWER:** Defendant objects to this interrogatory as it is compound in its form. Defendant further objects to the extent that this interrogatory is better suited for another form of discovery, such as a deposition where a more full and complete answer can be provided to this question. Defendant objects as this interrogatory is not proportional to needs of this case and will not likely lead to admissible evidence regarding claims in this case. Plaintiff's claims in this matter regarding the Defendant deal with retaliation based on the alleged "beating of another detainee". There are no claims in this case against Defendant regarding smoking, drugs, or wicks, this interrogatory is not relevant to the case at hand. Without waiving said objections, Defendant states that  he does not understand your question and invites Plaintiff to further clarify his interrogatory as it relates to the Complaint and claims against Defendant.

13.     Do you understand the plaintiff seeks to hold you liable in your individual and official capacity as of now? Do you understand the difference between the two capacities? Do you understand the plaintiff has reserved the right to change the capacity in which he seeks to hold you liable and can alter it, if he so chooses?

**ANSWER:** Defendant objects to this interrogatory as it requires Defendant to provide a narrative and calls for a legal conclusion. Defendant further objects and states that this interrogatory is better suited for another form of discovery, such as a deposition. Without waiving said objections, Defendant responds that he is not personally aware of the difference in suing someone in their

legal capacity as an individual compared to in an official capacity. Defendant further states with his Counsels assistance, that actions against individual defendants in their official capacities are treated as suits brought against the government entity itself," quoting *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir.2008), *Johnson v. Cook County Sheriff's Office*, No. 16 C 07523, 2018 U.S. Dist. LEXIS 80592, at *4 (N.D. Ill. May 14, 2018). Plaintiff cannot proceed against Defendant in an action against him in his "official capacity", as he is not a government entity.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:     */s/: Jorie Johnson____*
        Jorie Johnson
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-7930

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI, | ) | |
| | ) | |
| Plaintiff, | ) | 22 CV 1635 |
| | ) | |
| v. | ) | Judge Lindsay C. Jenkins |
| | ) | |
| Sgt. Aaron Williams, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SERGEANT AARON WILLIAMS**
**VERFICATION FOR RESPONSES TO PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES ISSUED ON APRIL 5, 2023**

I, Sgt. Aaron Williams, under penalties as provided by law pursuant to 28 U.S.C. § 1746, certify that the statements set forth in *Defendant Sgt. Aaron William's Responses to Plaintiff's First Set of Interrogatories Issued on April 5, 2023*, are true and correct to the best of my inquiry, knowledge, and belief. The statements provided herein are not based s o l e l y on my personal knowledge, recollection, or memory, but rather were gathered by reviewing the records and documents in possession of the Cook County Sheriff's Office, and by consulting persons employed in the Cook County Sheriff's Office.

Date:_____          Signature:_____

                                        **Sergeant Aaron Williams**

**<u>CERTIFICATE OF SERVICE</u>**

       I, Jorie R. Johnson, hereby certify that true and correct copies of the above and foregoing to were served on Plaintiff to ECF, in accordance with the rules of electronic filing of documents on this 7th day of June 2023 via U.S. Certified mail.

Christopher Mansoori
Cook County Jail
2019-1007189
2700 South California Avenue
Chicago, IL 60608

                                         *s/ Jorie R. Johnson*
                                           Jorie R. Johnson